ERIK P. MYKLEBY *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

June 26, 1888.

*Carrier—Ejection of Passenger—Assault—Pleading and Proof—Variance.*—The complaint alleges that plaintiff was a passenger on defendant's train, and that the agents of defendant in charge of the train wilfully, maliciously, forcibly, and violently, and while the train was running at a rapid rate of speed, kicked and ejected him from the steps of the car onto the ground, and under the cars, whereby he sustained personal injuries, for which he seeks damages. *Held,* that the cause of action thus pleaded was one in tort; the *gravamen* of the complaint being an intentional and personal assault and battery. The fact that the evi-

dence showed that plaintiff was a trespasser and not a passenger on the train (the wrongful assault being proved as alleged) constituted neither a failure of proof nor a material variance between the complaint and the evidence.

Appeal by plaintiff from an order of the district court for Ramsey county, *Wilkin,* J., presiding, refusing a new trial.

*Lomen & Torrison,* for appellant.

*J. H. Howe* and *C. D. O'Brien,* for respondent.

MITCHELL, J. Aside from much irrelevant matter, the allegations of the complaint are that the plaintiff was a passenger, and was received as such by defendant, on one of its coaches, to be by it conveyed from Eau Claire to Black River Falls; that, having left the train for a temporary purpose at an intermediate point, he proceeded again to enter one of the passenger coaches, when "the defendant, by its agent and servants then and there in charge of the train, and acting within the scope of their employment, prevented the plaintiff, after he had boarded one of said cars, and gained the steps thereof, from entering the same, and then and there unnecessarily, without cause, wilfully, maliciously, forcibly, violently, and brutally, and while said train was moving at a rapid and dangerous rate of speed, pushed, kicked, and ejected this plaintiff from and off the steps of said coach, threw him to the ground under said cars, and caused the wheels of said cars to pass over one of the legs of plaintiff, crushing and mangling it so that it was necessary to amputate the same."

Upon the trial the plaintiff introduced evidence tending to prove that he was, by defendant's brakeman, kicked and thrown from the steps of the coach in the manner alleged, but failed, as the trial court thought, to prove that he bore to defendant the relation of passenger; the court holding that the evidence showed that, in attempting to enter the coach, he was a mere trespasser, and for this reason granted defendant's motion to dismiss the action upon the ground of variance between the proofs and the allegations, and because the plaintiff had failed to make out the cause of action pleaded. The learned judge took the view that the complaint was founded upon the theory that the relation of carrier and passenger existed between the parties, and that its whole scope and purpose was to recover for an

invasion of plaintiff's rights as a passenger; in other words, as we understand him, that the action was one *ex contractu*, to recover damages for breach of the contract of carriage, whereas, being not a passenger, but a trespasser, plaintiff's evidence tended to make out only a cause of action in tort for an assault and battery, and therefore the cause of action set up in the complaint was "unproved, not in some particulars only, but in its entire scope and meaning," so as to amount to a total failure of proof.

In this view we are unable to concur. We think the action was clearly one in tort. The *gravamen* of the complaint was not the failure to carry plaintiff to his destination, but the wilful and malicious kicking and throwing him from the moving car onto the ground, so as to endanger his life and limb. In other words, the cause of action pleaded is a personal and intentional assault and battery. If committed as alleged, it would be entirely immaterial whether plaintiff was a passenger or a trespasser. If he were the latter, defendant would have no right to put him off the cars while in rapid motion, so as to endanger his life, and would no more be justified, under such circumstances, in ejecting him from the steps than from the interior of the car. The cause of action, both as pleaded and proved, was purely one in tort, and maintainable without reference to any contract relation between the parties. The gist of the action was not the breach of contract, but the assault. *Sanford* v. *Eighth Ave. R. Co.*, 23 N. Y. 343; *Brown* v. *Chicago, Mil. & St. Paul Ry. Co.*, 54 Wis. 342, (11 N. W. Rep. 356, 911;) *Whittaker* v. *Collins*, 34 Minn. 299, (25 N. W. Rep. 632.) We think there was neither a failure of proof nor any material variance between the allegations and the evidence.

Order reversed.