JEFFERSON COUNTY *v.* COOK.

Opinion delivered October 22, 1898.

CORONER—DUTY TO HOLD INQUEST.—Under Sand. & H. Dig., §§ 751-2, providing, in effect, that a coroner shall hold an inquest upon receipt of information that the circumstances of a person's "death indicate that he has been foully dealt with." *Held* that, upon receipt of information merely that a man has been slain, and that his slayer is definitely known, it is the duty of the coroner to hold an inquest to determine whether the slayer was criminally liable. (Page 558.)

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

N. L. Cook, coroner of Jefferson county, presented to the county court his claim for $10.50 for services performed by him in holding an inquest over the dead body of John Brown. The claim was disallowed by the county court. He appealed to the circuit court, where his claim was allowed. The county has appealed.

The coroner himself gave the following testimony, which is all the testimony taken in the hearing, and is relied on by both sides: "About the 26th day of January, 1896, I was notified that a man had been killed at the Atkins place, in this county. The information given to me that his name was John Brown, and that he had been killed by a pistol in the hands of William Barrett, the two being engaged in a quarrel. The information also was that it was definitely known who had killed deceased, and that there were several persons present at the time the shot was fired."

*S. C. Martin*, for appellant.

The coroner has no right to hold an inquest over the body of a slain man, when the circumstances of his death are not unknown, and there is nothing to indicate that secret or clandestine means were used. Sand. & H. Dig., § 751; 4 Am. & Eng. Enc. Law, 177—"Coroner;" 52 Ark. 364. The office of the coroner's inquest is to ascertain the *cause* of death. Cases *supra*.

*W. P. & A. B. Grace*, for appellee.

It is the duty of the coroner to hold an inquest "if any person die, and the circumstances of his death indicate that he has been foully (meaning *unlawfully*, or *criminally*) dealt with." Sand. & H. Dig., § 751; *ib.* §§ 752–767; 55 Ark. 528; 55 Ark. 419; 100 Pa. St. 264; 52 Ark. 361. In all such cases the county is bound to pay costs. Authorities *supra*.

BATTLE, J. Was the coroner of Jefferson county authorized or required by law to hold an inquest over the dead body of John Brown? If he was, the judgment of the circuit court should be affirmed; if not, it should be reversed.

The decision of this question depends upon the statute, which reads as follows: "If the dead body of any person be found, and the circumstances of the death be unknown, information shall immediately be given to the coroner of the county; and if any person die, and the circumstances of his death indicate that he has been foully dealt with, the information shall forthwith be furnished to the coroner." (Sand. & H. Dig., § 751). This statute provides that information shall be given to the coroner in only two classes of cases; and they are: (1) "If the dead body of any person be found, and the circumstances of the death be unknown;" and (2) "if any person die, and the circumstances of his death indicate that he has been foully dealt with."

The object of the statute, doubtless, was to prevent the accumulation of unnecessary costs, and at the same time prevent persons, criminally liable for the death of any one, escaping punishment. Hence it provides that where the circumstances of the death are unknown, or if a person die, and the circumstances of his death, being known, "indicate that he has been foully dealt with," information shall be given to the coroner. In both of these classes of cases, the statutes make it the duty of the coroner, upon the receipt of such information, to hold an inquest; and if it be found by the inquisition that the death of the deceased was caused by the act, abetment, procurement, or command, or counsel of any person, it is made the duty of the coroner to cause the arrest of every

such person, if not already under arrest, "unless it appears by the inquisition to be a case of excusable homicide." Sand. & H. Dig., §§ 752–764. The duties of the coroner, upon the receipt of the information that shall be given him, as defined by the statute, clearly indicate that the object in requiring the information to be given is to prevent the escape of the guilty. Consequently, it is the duty of the coroner to hold an inquest over the body of a deceased person, upon the receipt of information of the circumstances of his death, which indicate that some one might be criminally liable; for, the killing being known, the presumption is that the slayer is guilty of a crime, in the absence of circumstances that justify or excuse the homicide. Sand. & H. Dig., § 1643.

We therefore think the judgment in this case should be affirmed; and it is so ordered.