O. N. LINDH v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 30, 1906.

Nos. 14,902—(2S).

**Injuries to Dead Body.**

An action ex delicto to recover damages for injured feelings lies at the suit of the husband against a common carrier for soiling and ruining the casket containing the body of his dead wife, and for mutilating and disfiguring the corpse by negligently and wilfully exposing it to rain. Larson v. Chase, 47 Minn. 307, followed and approved.

Appeal by defendant from an order of the district court for Polk county, Watts, J., overruling a demurrer to the complaint. Affirmed.

*M. L. Countryman* and *A. C. Wilkinson,* for appellant.

*W. E. Rowe* and *C. O. Longley,* for respondent.

JAGGARD, J.

The following facts are alleged in the complaint in this action.

The defendant and appellant, as a common carrier, undertook to transport a casket containing the body of the dead wife of plaintiff and respondent. In taking the casket through a named station, it became necessary to transfer the same to another of its trains. In so doing defendant carelessly and negligently left the same out of doors upon a railroad truck, and exposed it to rain, and wilfully ignored the request of the plaintiff to place the truck under cover, so that the rain might not get into the casket and injure and destroy the same as well as mutilate the corpse. Thereby the casket was soiled and ruined, and the corpse mutilated and greatly disfigured. Plaintiff suffered great mental anguish to his damage in the sum of $1,000. From an order overruling a demurrer by the defendant, this appeal was taken.

This case is concluded by Larson v. Chase, 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85, 28 Am. St. 370. It was there held: The right to the possession of a dead body for the purposes of preservation and burial belongs, in the absence of any testamentary disposition, to the

[1]Reported in 109 N. W. 823.

surviving husband or wife, or next of kin. This right is one which the law recognizes and will protect, and for any infraction of it, such as an unlawful mutilation of the remains, an action for damages will lie. In such an action a recovery may be had for injury to the feelings and mental suffering resulting directly and proximately from the wrongful act, although no actual pecuniary damage is alleged or proved. That case was followed and approved, for example, in Foley v. Phelps, 1 App. Div. 551, 37 N. Y. Supp. 471.

In Koerber v. Patek, 123 Wis. 453, 102 N. W. 40, 43, 68 L. R. A. 956, Mr. Justice Dodge says of Larson v. Chase and Foley v. Phelps, after citing them and other cases: "The first two—and especially the first—of these cases may be considered leading as they have been cited as the basis for most of the later ones upon this immediate subject, and in many others approaching it." Later in the opinion he says: "In Larson v. Chase, * * * the remarks of Mitchell, J., on this subject [sentimental damages] are so philosophical that we cannot forbear quoting them." Scores of the cases in which Larson v. Chase has been followed and approved will be found collected in volume 2 of L. R. A. Cases as Authorities at pages 776 and 777. Modern textwriters with no known exception recognize it as a leading authority on the subject, and as announcing the true principle.

That this decision accords with the spirit of the earlier law on this subject is demonstrated in an article by Mr. Justice Elliott, of this court in 16 Cent. Law J. 161, and see Perley on Mortuary Law, c. IV. p. 20, et seq. No good reason is assigned for reversing that decision or for differentiating it from the case at bar. Injury to the feelings of the family of deceased spring as naturally from disfiguration and mutilation of the body by exposure to the elements as by dissection.

Nor is there any merit in the contention of the defendant that this was an action on the contract, and that therefore there could be no recovery for mental anguish because of the breach of contract. The plaintiff is right in his insistence that the present case sounded in tort. It is elementary "that a tort is a violation of legal duty and may involve as one of its elements a breach of contract." Rich v. New York, 87 N. Y. 382; Chase's Lead. Cas. 56; and, see Mykleby v. Chicago, St. P., M. & O. Ry. Co., 39 Minn. 54, 38 N. W. 763; Chicago v. Spirk, 51 Neb. 167, 70 N. W. 927. The complaint set forth a cause of action

in quasi tort at least, for which an action ex delicto lies.  1 Jaggard, Torts, 22 et seq.

Louisville v. Wilson, 123 Ga. 62, 51 S. E. 24, which also approves Larson v. Chase, is on all fours with the instant case.  There the declaration alleged that a widow desired to have her husband's body carried by a railroad from the place of death to the place of intended burial; that the route was over the railroad to a junction, and thence by a branch of the same road to the destination;  *  *  *  that on arrival at the junction the company's agent had the coffin and body placed on an open platform in the rain, and allowed it to remain there for several hours while waiting for the second train to arrive, and refused, on request of the wife, to have it placed where it was protected from the weather; and that the coffin and shroud were damaged to the extent of $75 and the body was "soaked, and otherwise mutilated," it was held that the declaration stated a cause of action.

Order affirmed.