HASSARD v. LEHANE.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

DEAD BODIES (§ 9*)—DISPOSITION—CORONER'S POSITION—DISCRETION.

Penal Law (Consol. Laws 1909, c. 40) § 2213, provides that when, in the city of New York, any person shall die from criminal violence, by casualty, or suddenly when in apparent health, or when unattended by a physician, or in prison, or in any suspicious or unusual manner, the coroner shall subpœna one of the coroner's physicians, who shall view the body externally or make an autopsy thereon, as may be required. Held, that the issuance and service of a formal subpœna on a coroner's physician, requiring him to view the body of a person who died under such circumstances, externally, or to make an autopsy, was not indispensable to the protection of the coroner's physician, but that it was the coroner's duty to determine whether autopsy should be made, and the coroner's notice to a physician to view such a body, make an autopsy, and a subsequent microscopic examination of the deceased person's spleen, constituted a complete defense to an action brought by the decedent's mother for alleged illegal dissection.

[Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. §§ 13, 14; Dec. Dig. § 9.*]

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Mary Hassard against Timothy D. Lehane. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

See, also, 134 N. Y. Supp. 1134.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Loyal Leale, Asst. Corp. Council, of New York City, for appellant.
August P. Wagener, of New York City, for respondent.

MILLER, J. The nature of this action was stated by Mr. Justice Laughlin when writing for this court to reverse a judgment entered upon a dismissal of the complaint at the close of the plaintiff's case. 143 App. Div. 424, 128 N. Y. Supp. 161.

On the trial resulting in the judgment appealed from, the defendant put in his evidence, which tended to establish the following facts: On the morning of the 3d of April, 1907, the defendant received from the coroner's clerk a list of cases for investigation, including the case of Francis Hassard, who was reported to have met his death by falling from a vehicle. The defendant then went to the Harlem Hospital, where the remains were, examined the hospital records, and talked with the house surgeon, and was told that the deceased was found in a drug store by a policeman, whither he had been carried from the street by a citizen who disappeared; that there were no marks of violence upon him; that he died about two hours after being received at the hospital; that the house surgeon was unable to account for the cause of death; and "that there was a question of suspicion about it." The defendant then reported to the coroner over the telephone what he had learned, and was directed by that official to make a "complete" autopsy, which he thereupon performed, and discovered that the immediate cause of death was a hemorrhage from a ruptured spleen, but was unable without a misroscopical examination to determine whether the rupture was traumatic or due to disease. He again reported the facts discovered to the coroner, and was directed by the latter to make a misroscopical examination of the spleen, and, pursuant to that direction, he removed the spleen from the body and sent it to a laboratory for examination.

The trial court charged the jury that the direction of the coroner was not a subpœna, but that, if given, it might be considered on the question of the defendant's good faith in assessing damages, and that an autopsy, even if directed by the coroner, was not justified unless necessary to disclose the cause of death, and then only to the extent required for that purpose. The exceptions to those portions of the charge present the only questions for consideration on this appeal.

At the conclusion of his opinion on the former appeal, Mr. Justice Laughlin said:

"Doubtless if the defendant made the autopsy by the direction of the coroner, that would justify the dissection of the body. Statutes, supra; People v. Fitzgerald, 105 N. Y. 146, 152, 11 N. E. 378, 59 Am. Rep. 483; Crisfield v. Perine, 15 Hun, 200, affirmed 81 N. Y. 622. But it would not, in the absence of further directions from the coroner or district attorney, or other evidence, warrant the removal or detention of any part of the body."

For clarity, I again quote the provisions of the statute, which are particularly pertinent:

"The right to dissect the dead body of a human being exists in the following cases: * * * (2) Whenever a coroner is authorized by law to hold an inquest upon a body, so far as such coroner authorizes dissection for the purposes of the inquest, and no further. * * *" Section 2213, Penal Law (Consol. Laws 1909, c. 40), derived from section 308, Penal Code, as amended by chapter 500, Laws of 1889.

"When in the city of New York any person shall die from criminal violence, or by a casualty, or suddenly when in apparent health, or when unattended by a physician, or in prison, or in any suspicious or unusual manner, the coroner shall subpœna one of the coroner's physicians, who shall view the body of such deceased person, externally, or make an autopsy thereon as may be required. It shall be the duty of the physician to whom such subpœna is so issued to make the inspection and autopsy required, and to give evidence in relation thereto at the coroner's inquest. The testimony of such physician, and that of any other witnesses that the coroner may find necessary, shall constitute an inquest." Section 1773 of the Consolidation Act (chapter 410 of the Laws of 1882).

The ordinary purpose of a subpœna is to compel the attendance of a witness, and of course is not necessary if the witness voluntarily attends. If the word "subpœna" in said section 1773 is not to have its usual meaning, its use was not felicitous. The word "summon" would have been more appropriate. At any rate, we think a formal subpœna was not indispensable to the protection of the coroner's physician. The question was whether the coroner actually directed the dissection of the body and the microscopical examination of the spleen, and the uncontradicted evidence is that he did. It was for the coroner to determine whether the death occurred under such circumstances as to justify an inquest and an autopsy. It was the defendant's duty to obey the direction of the coroner and to ascertain the cause of death. Obviously, he was concerned only with the medical side of the case and was not required to interpose his judgment against that of the coroner as to whether the deceased had died "from criminal violence, or by a casualty, or suddenly when in apparent health, or when unattended by a physician, or in prison, or in any suspicious or unusual manner." His duty was to make an autopsy "as may be required," which we think is to be construed as though it read "as may be required by the coroner." If therefore the coroner directed the dissection of the body and the subsequent microscopical examination of the spleen, those directions, unless exceeded by the defendant, constituted a complete defense. See Young v. College of Physicians & Surgeons of Baltimore City, 81 Md. 358, 32 Atl. 177, 31 L. R. A. 540; County of Northampton v. Innes, 26 Pa. 156.

The learned trial court therefore erred in the respects pointed out, and the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur. LAUGHLIN, J., dissents.