### CLARK COUNTY *v.* HARRIS.

### Opinion delivered May 15, 1916.

INQUESTS—DUTY OF CORONER.—A coroner is not required to hold an inquest merely because a dead body is found or because the death was sudden, if there is no reason to suspect foul play, or the circumstances of the death are not known.

Appeal from Clarke Circuit Court; *George R. Haynie,* Judge; reversed.

*Tilman B. Parks,* Prosecuting Attorney, *John H. Crawford* and *Dwight H. Crawford,* for appellant.

The county is not liable. Kirby's Digest, § 794; 52 Ark. 361; 100 Pa. St. 624; 37 Neb. 328; 21 L. R. A. 394; 45 Am. Rep. 402.

*Hardage & Wilson,* for appellee.

The coroner in this case exercised all the precaution the statute contemplates. The county is clearly liable for the fee. 52 Ark. 361; 65 *Id.* 557; 74 *Id.* 183.

SMITH, J. Appellee filed a claim in the county court of Clark County for the fees allowed by law for holding an inquest on the dead body of one George Griffith, and the claim was disallowed by the county court, but was allowed by the circuit court on appeal. In support of his claim, appellee testified that on July 10, 1915, a Mr. Gordon telephoned him that a negro boy had drowned. Witness went to the scene and asked parties who were there how the boy came to drown, and these parties said they did not know, and being unable to learn the circumstances of the drowning, he empaneled a jury and held an inquest. He was asked if there was any suspicion by any one of foul play, and answered that he did not know until he had investigated, that he could not find out, but when the witnesses were examined, he ascertained that the boy was in the river bathing, and was accidentally drowned.

It does not appear that there was any reason to suspect, or that any one suspected, that the boy had been foully dealt with, and the only uncertainty which appeared to exist was as to the circumstances under which the boy was drowned. Section 794 of Kirby's Digest provides for holding an inquest in only two instances, "(1) If the dead body of any person be found and the circumstances of his death be unknown, and (2) if any person die and the circumstances of his death indicate that he has been foully dealt with." The duty of the coroner under this statute is defined in the cases of *Clark County* v. *Calloway*, 52 Ark. 361; *Jefferson County* v. *Cook*, 65 Ark. 557; *Young* v. *Pulaski County*, 74 Ark. 183.

As these cases interpret the duty of a coroner, that officer is not required to hold an inquest merely because a dead body is found, or because the death was sudden, if there is no reason to suspect foul play, or the circumstances of the death are not known. We think the proof does not show that the cause of this boy's death was

unknown, although the details of the unfortunate incident were not known, and there was nothing to indicate he had been foully dealt with. Therefore, the fees for this inquest should not have been allowed, and that judgment will, therefore, be reversed and the cause dismissed.