## FRANCES WOODS v. ROBERT GRAHAM AND OTHERS.[1]

April 5, 1918.

No. 20,769.

**Physician and surgeon — autopsy to determine cause of death — demurrer sustained.**

It is no defense to an action to recover damages caused by an autopsy performed on the body of the daughter of plaintiff, without the consent of the next of kin, that defendant was the attending physician, was unable to ascertain the cause of death and performed the autopsy for that purpose, so as to be able to give a certificate as required by law stating the cause of death.

Action in the district court for St. Louis county to recover $7,000 for an autopsy performed upon the body of plaintiff's daughter without plaintiff's consent. The facts are stated in the opinion. From an order, Fesler, J., sustaining plaintiff's demurrer to the separate answer

[1]Reported in 167 N. W. 113.

of Robert Graham as amended, defendant Graham appealed. Affirmed.

*Baldwin, Baldwin & Holmes,* for appellant.

*Andrew Nelson* and *John G. Cedergren,* for respondent.

BUNN, J.

Plaintiff brought this action to recover damages for an autopsy performed by defendant Graham on the body of her daughter, without plaintiff's consent. The answer of defendant admitted performance of the autopsy without the consent of the girl's mother, a widow, and set up as a defense that defendant was county physician of St. Louis county; that he attended the girl as a charity case in her last illness, and that an autopsy was necessary in order to ascertain the cause of death; that the undertaker in whose hands the body had been placed applied to defendant to execute the medical certificate required by law, stating the cause of death, and that defendant was obliged to perform the autopsy in order to be able to give this certificate. The answer admits that plaintiff, the mother of the dead girl, did not know of the autopsy or give her assent thereto. It alleged that defendant made the autopsy in good faith, for the purpose of ascertaining the disease or injury which caused the death, and solely that he might be able to make and subscribe such certificate and in order that a permit might lawfully issue for the burial of the body; it was further alleged that the autopsy was made in a decent and scientific manner, that no incisions were made that were not necessary in order to ascertain the cause of death.

Plaintiff demurred to this answer, the demurrer was sustained and defendant Graham appealed.

It is conceded that plaintiff's consent to the autopsy was not obtained or asked for, and that she had no knowledge thereof until after the autopsy was performed. Defendant claims freedom from liability on the ground that it was necessary to have the autopsy in order to discover the cause of death and be able to give the certificate required by G. S. 1913, § 4652. This section requires the undertaker to obtain and file a medical certificate subscribed by the attending physician, stating the disease or injury causing death, with contributory cause or complication, etc. Section 4654 provides that a burial permit shall

not be issued except upon the filing of a proper certificate of death. Section 4658 provides that no body shall be interred until a proper certificate of death has been filed and a permit issued. Section 4662 provides that any person wilfully refusing to perform any duties imposed by the act is guilty of a misdemeanor.

We agree with the trial court that the answer stated no defense to the action. The sections of the statute referred to do not in terms authorize an autopsy to ascertain the cause of death, and we are unable to hold that they authorize it by implication. The law of the case is settled by Larson v. Chase, 47 Minn. 307, 50 N. W. 238, 14 L.R.A. 85, 28 Am. St. 370. G. S. 1913, § 8745, makes it a gross misdemeanor to dissect the dead body of a human being, except in cases "specially provided by statute," or where the direction or will of the deceased authorizes it, or where the coroner authorizes it, or where "the husband, wife or next of kin, charged by law with the duty of burial, shall authorize dissection for the purpose of ascertaining the cause of death, and then only to the extent so authorized."

It cannot be held that this was a case "specially provided by statute;" as stated, defendant admits that the mother, who was the next of kin, did not authorize dissection to ascertain the cause of death. Without further discussing the arguments made against the conclusion of the trial court, we decide that the demurrer to the answer was properly sustained.

Order affirmed.