## ANGIE V. KINGSLEY v. GILBERT K. FORSYTH AND OTHERS.[1]

November 9, 1934.

No. 29,994.

[1]Reported in 257 N. W. 95.

469

*Stinchfield, Mackall, Crounse, McNally & Moore* and *Leslie L. Anderson,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre, C. P. Randall, Ed J. Goff,* and *Per M. Larson,* for respondents.

JULIUS J. OLSON, *Justice.*

When plaintiff rested defendants were granted leave to rest for the purpose of moving for a directed verdict. A directed verdict was ordered for defendants. Plaintiff appeals from an order denying her a new trial.

Shortly after noon on January 7, 1928, plaintiff found her husband, Frank A. Kingsley, dead behind the steering wheel of his car in the garage back of his residence in Minneapolis. One door of the garage was partly open. Plaintiff called a neighbor and also her husband's office. Firemen with a pulmotor quickly appeared, also a doctor from the city hospital with the ambulance, a deputy coroner, defendant Dr. Widen, and others. Efforts at resuscitation failed. Dr. Widen directed the defendant Forsyth, an undertaker, called by plaintiff to take charge of the body and prepare it for burial, to take the body to the county morgue, and there Dr. Widen called defendant Dr. Clawson, to perform an autopsy. Dr. Clawson performed the autopsy, and the cause of death was found to be monoxide gas poisoning. Plaintiff claims she was not told that an autopsy was to be performed and did not learn that it had been performed until three weeks after Mr. Kingsley's death. She brought this action to recover damages for wounded feelings.

A wife has legal right to the possession of the dead body of her husband for the purpose of a decent burial. The law protects and vindicates that right. A wrongful mutilation of or interference with the corpse of the husband entitles the surviving wife to damages against the wrongdoer. Larson v. Chase, 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85, 28 A. S. R. 370; Lindh v. G. N. Ry. Co.

99 Minn. 408, 109 N. W. 823, 7 L.R.A.(N.S.) 1018; Beaulieu v. G. N. Ry. Co. 103 Minn. 47, 114 N. W. 353, 19 L.R.A.(N.S.) 564, 14 Ann. Cas. 462; Woods v. Graham, 140 Minn. 16, 167 N. W. 113, L. R. A. 1918D, 403. But that right may be subjected to needful statutory regulation in the interest of public welfare or public good. Under L. 1915, c. 272, as amended by L. 1919, c. 404, the coroner of Hennepin county must investigate and issue his death certificate in all of the following cases and no others: "Violent, mysterious and accidental deaths, including suspected homicides." A deputy coroner is charged with the same duties as the coroner. Section 2 of that law provides that "it shall be unlawful for any person, in any such county, in any manner, to remove, interfere with or handle the body or the effects of any deceased person subject to an investigation by the coroner, except upon order of the coroner or his deputy." There can be no doubt that Mr. Kingsley's death came within the class of deaths the coroner was required by this law to investigate. And for the purposes of such investigation Dr. Widen had exclusive control of the body. He could direct the undertaker to carry the body to the county morgue if he deemed it necessary for an investigation. Section 4 provides that "the coroner shall order an autopsy when and where he deems proper and physicians called by the coroner to make such autopsies shall receive six dollars ($6.00) per day and mileage for such services. He may order a chemical analysis or microscopic examination of any portion of a dead body, or matter or other thing material to determine the facts of death." There is some dispute between counsel as to whether this law or L. 1921, c. 280, applies to the coroner of Hennepin county. It is immaterial for a decision herein, for the latter act contains the same provisions above quoted from L. 1919, c. 404. The only new requirement for the coroner in the 1921 law is that he must be "a duly licensed physician." There is also a change in the amount of witness fees. In so far as the 1921 act is inconsistent with that of 1919, the latter must be held modified. Both properly apply to the coroner of Hennepin county. Taking the two provisions of the statutory law referred to, viz. (a) That it is the duty of the coroner to investigate every accidental death in his county (and plaintiff concedes her husband's death to have been

accidental) ; and (b) that the coroner shall order an autopsy when and where he deems proper, it must be admitted that the defendant Dr. Widen had a wide discretion in the matter of this autopsy. It is contended that an autopsy is authorized only as an incident to an inquest. Such may be the case where the statute requires inquests and is silent with respect to investigations. 1 Mason Minn. St. 1927, § 946, provides that "coroners shall hold inquests upon the dead bodies of such persons only as are supposed to have come to their death by violence, and not when the death is believed to have been and was evidently occasioned by casualty." But the statutes above cited, applicable to the coroner in Hennepin county, are mandatory that he must investigate "violent, mysterious and accidental deaths, including suspected homicides." If upon such investigation he deems the death accidental, that is, "occasioned by casualty," he cannot hold an inquest. An autopsy may be the surest and most satisfactory way of determining that the death was accidental; and, since the statute provides that the coroner "shall order an autopsy when and where he deems proper," the conclusion is inescapable that the coroner may, as an aid to his investigation, order an autopsy. It may also be said that an autopsy may demonstrate the death to have been "occasioned by casualty," in which case no inquest could lawfully be had. The coroner is also by law required to make the death certificate necessary under 1 Mason Minn. St. 1927, § 5357, and therein state the cause of death. To do so accurately he may have considered it necessary to have an autopsy. It is true that he may not arbitrarily order an autopsy when a properly made investigation has disclosed to him the cause of the death. It cannot be made to satisfy an idle curiosity, or for the information of some interested insurance company, or to give some doctor a fee, or for any purpose not within the law. The fact that plaintiff was not informed that an autopsy was contemplated (though she knew that the body was taken to the county morgue) does not tend to prove arbitrary exercise of the coroner's discretion. In Huntly v. Zurich G. A. & L. Ins. Co. 100 Cal. App. 201, 280 P. 163, the autopsy was without consent of the widow of the one upon whom the autopsy was performed. A verdict against the widow in her suit for damages was held properly directed.

A public official is entitled to the presumption that in the performance of his duties he acts in good faith according to his best judgment. Some courts hold that the coroner acting under statutes to ascertain the cause of death has the character of a judicial inquiry. Boisliniere v. Board of Co. Commrs. 32 Mo. 375. Others deny this, at least so far as his claim against the county for services goes. Sandy v. Board of Co. Commrs. 171 Ind. 674, 87 N. E. 131, 131 A. S. R. 273. However that may be, when a violent, mysterious, or accidental death occurs in the county to which the laws of 1915, 1919, and 1921, above mentioned, apply, the coroner must take charge, investigate the death, and issue the death certificate to the undertaker, and if in order to properly investigate the cause of death he deems an autopsy needful, he is authorized to order it. The law does not require any formal or written order. Courts will not invalidate such order except for abuse of discretion or acts beyond the scope of the pertinent statutes. The action of the coroner is not conclusive on the court, but we are of the opinion that plaintiff's evidence was not sufficient to support a verdict that there was abuse of discretion in ordering an autopsy and in ordering a competent doctor to make it. It follows that a verdict was properly directed in favor of Dr. Widen, the deputy coroner. Likewise, defendant Forsyth was rightly entitled to a directed verdict. When Dr. Widen came to the place where Kingsley's body lay in the garage, it was his duty to take charge of it until he investigated and ascertained the cause of death. In taking the body to the morgue Forsyth acted for Dr. Widen. Forsyth could not prepare the body for burial or bury it until he procured a death certificate from Dr. Widen. That he withheld from plaintiff the fact that the coroner ordered the autopsy does not make him liable. The defendant Dr. Clawson must also be held free from liability. To be sure, plaintiff contends that the autopsy went further than necessary. We think there is no just cause for the contention. The testimony was that the autopsy was made in the usual way. It is almost self-evident that a proper autopsy to establish the cause of death should show not only a cause, but should exclude all other supposable or possible causes. Plaintiff proved no excessive mutilation, nor a

failure to replace all organs examined. Hers was the burden to sustain the allegations of the complaint in respect to these matters. The following authorities sustain defendants: Huntley v. Zurich G. A. & L. Ins. Co. 100 Cal. App. 201, 280 P. 163; Young v. College of Physicians & Surgeons, 81 Md. 358, 32 A. 177, 31 L. R. A. 540 (the instruction there given and approved by the supreme court justified a directed verdict here); Hassard v. Lehane, 150 App. Div. 685, 135 N. Y. S. 711; County of Lancaster v. Mishler, 100 Pa. 624, 45 Am. R. 402. Plaintiff cites the following cases, claiming that they show that it was error to direct the verdict: Clark County v. Harris, 124 Ark. 59, 186 S. W. 290; Streipe v. Liberty Mut. L. Ins. Co. 243 Ky. 15, 47 S. W. (2d) 1004; Palenzke v. Bruning, 98 Ill. App. 644; Sandy v. Board of Co. Commrs. 171 Ind. 674, 87 N. E. 131, 131 A. S. R. 273; Coty v. Baughman, 50 S. D. 372, 210 N. W. 348, 48 A. L. R. 1205 (the statutes construed as not to authorize an autopsy except as part of an inquest); Hill v. Travelers Ins. Co. 154 Tenn. 295, 294 S. W. 1097, 52 A. L. R. 1442 (this case does not involve an autopsy ordered by a coroner, but one made contrary to the manner in which plaintiff had consented that the autopsy might be made). Upon an examination of all these cases, except the Palenzke case, it will be found that the autopsy was unauthorized under the statutes of the particular state. Of course, if the death was not of the kind that authorized the coroner to act as such, not only the coroner but everyone who assisted became liable to the next of kin for the wrongful mutilation of the body. In the Palenzke case, 98 Ill. App. 644, the trial court sustained a demurrer to the complaint. The appellate court reversed. There was nothing in the complaint to show that it was within the scope of the duties of a coroner to order an autopsy. It merely appeared that one of the defendants was the coroner.

Being of the opinion that the coroner's acts in the premises are not conclusive on the courts, but that in this action plaintiff could have prevailed if her proof had shown that the autopsy was unreasonably and arbitrarily ordered, there is no need to consider whether the statutes involved violate the due process clause of either the state or federal constitutions [Minn. Const. art. 1, § 7;

U. S. Const. Amend. XIV, § 1]. There can be no legitimate claim that there is not valid ground for the classification of counties on the basis of population and placing additional qualifications and duties on coroners in the counties of the more populous class. Nor do we find any merit in the claim that there is a defect in the title of the statutes involved.

There are errors assigned upon rulings admitting and excluding testimony, but there is no argument in the brief supporting the assignments of error, so we pass them by with the observation that the excluded testimony did not add anything material to the opinion expressed by the witness which was received over defendants' objection.

The order is affirmed.

*DEVANEY, Chief Justice,* took no part.

*HOLT, Justice* (dissenting).

I dissent to an affirmance as to Dr. Widen, the deputy coroner. As to the two other defendants the order was right. There can be no doubt that under our statute this death was one requiring the coroner to take charge of the body for the purpose of making the proper investigation as to the cause of death. He also had authority to order an autopsy to be made upon the body. Having directed defendant Clawson to make it, Clawson should be held liable only for an improper autopsy. There is no evidence to support a finding of an improperly performed autopsy. The body was lawfully in charge of the coroner until his investigation was finished, and he could properly direct the undertaker to take the body to the county morgue, and the latter could not be held accountable to plaintiff for so doing. There is no evidence of failure on his part properly to prepare the body for burial. But I think plaintiff's evidence made an issue for the jury as to whether or not the facts and circumstances surrounding Kingsley's death were not such that without an autopsy the coroner could have come to a satisfactory conclusion that death was accidental, caused solely by monoxide gas poisoning. Autopsies should be cautiously ordered so as not unnecessarily to wound or irritate the feelings of the next of kin and so

as to avoid imposing needless expense upon the county. Defendants' counsel cite Darcy v. Presbyterian Hospital, 130 App. Div. 496, 114 N. Y. S. 1052, but that decision was reversed in 202 N. Y. 259, 95 N. E. 695, Ann. Cas. 1912D, 1238, and the opinion therein supports plaintiff's contention that it was error to direct a verdict in favor of defendant Widen. There was also error in excluding questions asked of Dr. Doctor, plaintiff's medical expert, tending to prove that there was no need for an autopsy in order to determine the cause of death.

*LORING, Justice* (dissenting).
I agree with Mr. Justice Holt.

