DEXTER A. SMITH *vs.* W. J. B. CRANE.

February 2, 1885.

Promissory Note—Certainty.—A negotiable promissory note must be certain as to amount, and it is so certain when the sum to become absolutely payable upon it at any given time is ascertainable upon its face.

Same—Stipulation as to Interest.—An instrument in the usual form of a negotiable promissory note, except that it provides for the payment of "interest at ten per cent. per annum from date until paid, seven if paid when due," in legal effect calls for interest at 7 per cent. from date till paid, and is therefore a negotiable promissory note within the foregoing rule.

Plaintiff, as indorsee for value and before maturity, brought this action in the municipal court of Mankato upon the promissory note set out in the opinion. The answer denies that the note is negotiable, denies that plaintiff is the holder and owner of the note, denies that it was transferred before maturity, alleges that it was given, with two other notes, in payment for a harvester and binder which was accompanied with a written warranty, alleges a breach of the warranty and a return of the harvester and binder in accordance with the provisions of the warranty, and asks that the damages for the breach be set off against the note.

The warranty was in the following words, viz.:

"All our machines are warranted to be well built of good material, and capable of cutting, if properly managed, from 10 to 15 acres per day. If on starting a machine it should in any way prove defective, and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it, and allow time for a person to be sent to put it in order. If it cannot be made to do good work, the defective part will be replaced, or the machine taken back and the payments of money or notes returned. Keeping the machine during harvest, whether kept in use or not, without giving notice as above, shall be deemed conclusive evidence that the machine fills the warranty."

On the trial the defendant elected to proceed for a rescission of the

sale for breach of warranty. To prove that plaintiff was not the real party in interest, and that D. M. Osborne & Co. (a corporation) was the owner of the note, the defendant offered in evidence Exhibits D and E, which were received against plaintiff's objection. Exhibit D is a notice to defendant signed D. M. Osborne & Co., and dated December 28, 1883, requesting defendant to be prepared to pay the note in suit, and stating that it is at the First National Bank, Mankato. Exhibit E is a letter to defendant signed "A. H. Carpenter, collector," and dated March 7, 1884, complaining of defendant's neglect and failure to pay "your note to D. M. Osborne & Co., now past due," and appointing a place of meeting with defendant to settle the matter. From defendant's testimony it appeared that he returned the harvester by taking it to Good Thunder, and leaving it as nearly as he could where he found it. It did not appear that he returned it to the agents from whom he purchased or to D. M. Osborne & Co.

The court refused to charge, as requested by plaintiff, that "there is not sufficient evidence of a return of the machine in this case," and did charge: "If you find that the warranty was broken, the contract does not obligate the vendor to return the property to rescind the sale." The court also charged, against plaintiff's objection, that "the instrument offered in evidence (the note in suit) is not a promissory note, but is subject to all equities existing between the defendant and D. M. Osborne & Co., whether it was assigned before or after maturity." Defendant had a verdict, and plaintiff appeals from an order refusing a new trial.

*P. A. Foster*, for appellant.

*Wm. N. Plymat*, for respondent, upon the non-negotiability of the note in suit, cited 1 Daniel on Neg. Inst. 55; *Woods* v. *North*, 84 Pa. St. 407; *Jones* v. *Radatz*, 27 Minn. 240; *Third Nat. Bank* v. *Armstrong*, 25 Minn. 530; *Edwards* v. *Ramsey*, 30 Minn. 91; *Johnston Harvester Co.* v. *Clark*, Id. 308.

BERRY, J.

"$100.　　　　　　　　　　GOOD THUNDER, July 24, 1882.

"For value received on or before the first day of January, 1884, I, or we, or either of us, promise to pay to the order of D. M. Osborne & Co. the sum of one hundred dollars, at the office of Gebhard &

Moore, in Mankato, with interest at ten per cent. per annum from date until paid; seven, if paid when due.

"W. J. B. CRANE."

A negotiable promissory note must be certain as to amount. *Jones* v. *Radatz*, 27 Minn. 240. It is so certain when the sum to become absolutely payable upon it at any given time is ascertainable upon its face. 1 Daniel, Neg. Inst. § 53; *Towne* v. *Rice*, 122 Mass. 67; *Jones* v. *Radatz, supra.*

The defendant's position is that the foregoing instrument is rendered *uncertain as to amount* by the interest clause, and therefore is not a negotiable promissory note. As to the legal effect of such a clause the authorities disagree. Some hold that the *contract reserves* the higher rate of interest, with a provision for its *abatement,* upon a condition to be performed, and that, therefore, the difference between the two rates is not a penalty, but the *contract* is to be enforced according to its literal terms. The cases holding this view rest upon *Nicholls* v. *Maynard*, 3 Atk. 519. See *Walmesley* v. *Booth*, Barn. Ch. 478, 481; *Bonafous* v. *Rybot*, 3 Burr. 1370; *Waller* v. *Long*, 6 Munf. (Va.) 71. Other authorities hold that the clause is the same *in effect* as if it had *reserved* the lower rate of interest, with a provision that if the indebtedness is not paid at maturity, interest shall run at a higher rate. *Seton* v. *Slade*, 7 Ves. 265; and see *Stanhope* v. *Manners*, 2 Eden, 197; *Brockway* v. *Clark*, 6 Ohio, 45; *Longworth* v. *Askren*, 15 Ohio St. 370; *Brown* v. *Barkham*, 1 P. Wms. 652. If this be the true construction of the clause, it is generally agreed that the difference between the two rates is to be treated as a penalty. *Talcott* v. *Marston*, 3 Minn. 238, (339;) *Newell* v. *Houlton*, 22 Minn. 19; and cases last cited.

In our opinion the view taken by the authorities last mentioned, as to the legal effect of the interest clause under consideration, is the more sensible, and most in accordance with what would seem to be the real object of the parties to the contract. What the payee really wants is his money at the due date of the contract, and to secure *this* he holds an increase of the rate of interest over the debtor's head. In other words, the increase is a penalty for the debtor's delinquency. Treating the increase as a *penalty,* it follows, under the decisions of

the court before cited, that the note in suit will in law draw the same rate of interest before as after maturity,—that is to say, 7 per cent., —and that, therefore, (whatever might be the case if the interest clause were upheld according to its literal terms,) the sum absolutely payable upon the instrument at any given time is thus made certain as the principal, and 7 per cent. interest.

This conclusion will very likely dispose of the case; but, with reference to a possible new trial, it is proper to refer to *McCormick Harv. Mach. Co.* v. *Chesrown, ante,* p. 32, as to the point upon appellant's brief in reference to the necessity of returning the machine, to which this suit has some relation, and to add that Exhibits D and E were, as respects plaintiff, the mere declarations or statements of third persons, which could not bind plaintiff unless brought home to him. *Adler* v. *Apt,* 30 Minn. 45.

Order reversed, and new trial directed.