BERTHA D. LORING v. ANTON ANDERSON.[1]

June 2, 1905.

Nos. 14,322—(133).

**Promissory Note.**

It is an essential condition of a promissory note that there be no uncertainty as to the amount of money that it calls for at any particular time, but, if the promise be to pay a stated sum of money, plus or minus a definite amount or discount, the amount called for by the note is certain.

**Same:**

A written instrument whereby the maker promised to pay on October 1, 1903, to the order of the payee, $250, with interest—a discount of six per cent. to be allowed if paid on or before October 1, 1903,—is not uncertain as to amount, and it is a promissory note, and therefore negotiable.

**Evidence:**

The evidence herein justified the trial court in directing a verdict for the plaintiff on the ground that she was an indorsee of the note in question before maturity, for value, and without notice of any defense thereto.

Action in the district court for Clay county to recover $250 and interest upon a written instrument alleged to be a promissory note, indorsed to plaintiff, for value, before maturity. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

William Russell and James M. Witherow, for appellant.

H. Steenerson, Charles Loring and C. A. Nye, for respondent.

START, C. J.

The plaintiff, as indorsee before maturity, for value, brought this action upon a written instrument which is in these words:

$250. October 1st, 1903, after date I promise to pay to the order of the Maplebay Wind Stacker Company of Crookston, Minnesota, Two Hundred & Fifty and 00/100 Dollars:

[1] Reported in 103 N. W. 722.

Value received, with interest before and after maturity at the rate of 10 per cent. per annum until paid.

A discount of 6 per cent. to be allowed if paid on or before Oct. 1, 1903.

Payable at Christine State Bank, Christine, N. D.

Anton Anderson.

Sec.                    Twp.                    Range.

P. O. Comstock.

This note is given for one Maplebay Wind Stacker No. 940.

The answer admitted the execution of the note, denied that it was indorsed for value, and alleged that it was given for a Maplebay Wind Stacker, which was warranted; that the defendant complied with the warranty on his part, but there was a failure of the warranty on the part of the payee of the note, and thereupon it was mutually agreed between the parties that the sale of the stacker should be rescinded, and the note returned to the defendant; and, further, that the defendant complied with the terms of such agreement on his part, but the payee refused to return the note. The new matter in the answer was put in issue by the reply.

The cause came on for trial by a jury, and at the close of the evidence the court, on motion of the plaintiff, directed a verdict in her favor for the amount of the note. The defendant appealed from an order denying his motion for a new trial.

The plaintiff introduced in evidence the note, with the indorsements thereon, showing that it was indorsed by the payee to the Scandia American Bank, and by it to the plaintiff. The evidence shows that the plaintiff purchased the note before maturity, in the usual course of business, and for value, without notice. The note was given for a stacker, as alleged in the answer; and the defendant gave evidence tending to show a warranty of the stacker, and a breach thereof by the payee of the note, and the agreement to rescind the sale and return the note. The defendant claims that the evidence also tends to show facts sufficient to take the case to the jury on the question of the bona fides of the several indorsees in acquiring the note. It is immaterial whether the bank was a purchaser without notice, if the plaintiff was such purchaser. We have considered the record with

reference to the question whether the plaintiff was an indorsee of the note before maturity for value, and without notice of any defense thereto, and find that the evidence was practically conclusive that she was such an indorsee. It follows, then, that, if the instrument sued on be a promissory note, the trial court did not err in directing a verdict for the plaintiff. The contention of the defendant is that it is not, because the amount thereof depends upon a contingency.

It is an essential condition of a promissory note that there be no uncertainty as to the amount of money it calls for at any particular time. Thus an instrument whereby the maker promises to pay to the payee or order or bearer a definite sum plus or minus a definite amount or discount is a promissory note, hence it is negotiable; but, if the promise be to pay a stated sum of money plus or minus an indefinite amount or discount, it is not a negotiable instrument. Smith v. Crane, 32 Minn. 144, 22 N. W. 633; 1 Daniel, Neg. Inst., § 53; 4 Am. & Eng. Enc. (2d Ed.) 96.

Within which of the two suggested classes does the instrument in question fall? This is a question of some difficulty. The case of Mansfield v. Miller, 2 Ohio Civ. Ct. R. 96, cited by counsel for the plaintiff, is the only one that we have been able to find touching the question. In that case the note contained this provision: "If this note is paid in full when due, a discount of $39.78 is to be made from the amount then due." It was held that this provision did not render the note uncertain as to the amount thereof, for the reason that "the presumption is that parties will perform their obligations, rather than break them, and therefore, in the commercial world, if this note should be offered for negotiation, the amount at the time of payment would be known with certainty. While the note is undishonored and has any standing in the commercial world, the amount is definitely fixed. If any uncertainty could in any way arise, it is only when it becomes dishonored and ceases to have any standing as commercial paper."

This reasoning is applicable to the note here in question, for, in legal effect, it is a promise to pay October 1, 1903, $250, with interest at the rate of ten per cent. per annum, less a discount of six per cent. if paid on or before maturity. If the note was not paid when due, there could be no uncertainty as to the amount recoverable on it, for such amount would depend not upon any contingency or question of

fact, for the law would determine the amount due on the note from its terms. See Smith v. Crane, 33 Minn. 144, 22 N. W. 633. On the other hand, while there is a contingency before the maturity of the note as to whether the maker will pay it at maturity or before, there is no contingency or uncertainty as to the amount to be paid in full discharge of the note at maturity or at any time before, if the maker elects to pay before. The amount is $250, with interest, less a discount of six per cent.—a matter capable of being made certain by computation. The result of such computation would give the exact amount due on the note at its maturity, and the exact amount which the maker was required to pay in full discharge of the note at any time before October 1, 1903, or at any time on that day, and the exact amount called for by the note at all times until it became dishonored by nonpayment.

We therefore hold that the instrument which is the subject-matter of this action is a promissory note, and that the trial court did not err in directing a verdict for the plaintiff.

Order affirmed.