ALBERT ALLEN AND ANOTHER v. O. G. COOLING AND OTHERS[1]

November 14, 1924.

No. 24,166.

**Effect of increasing rate of interest after maturity of note.**

1. A provision in a promissory note for a higher rate of interest after maturity than before, works a forfeiture of the interest under G. S. 1913, § 5805, but does not render the note non-negotiable as to the principal sum.

**When note is regular on its face.**

2. A promissory note which complies with all the conditions required to make it negotiable, and which discloses nothing to indicate

[1]Reported in 200 N. W. 849.

that it has been altered or was not intended to be operative according to its terms is regular on its face.

**When purchaser is chargeable with notice of defenses to note.**

3. A purchaser of a promissory note is not chargeable with notice of defenses to it, unless he has actual knowledge thereof, or of such facts that his action amounts to bad faith.

**Effect of notice of lis pendens in action to cancel note.**

4. The doctrine of lis pendens does not apply to negotiable paper; and filing a notice of lis pendens, in an action to cancel a note and a mortgage securing it, does not operate as constructive notice of defenses to the note.

Action in the district court for Houston county. The case was tried before Peterson, J. who ordered judgment in favor of plaintiffs. From an order denying its motion for a new trial, defendant Farm Mortgage & Loan Company appealed. Reversed but new trial limited to one issue.

*Meighen, Knudson & Strutz,* for appellant.

*Morris J. Owen* and *Lees & Bunge,* for respondents.

TAYLOR, C.

The plaintiffs purchased a tract of land in the state of Texas in February, 1921, and gave their promissory notes for the purchase price. One of these notes was given to defendant Cooling and was secured by a mortgage upon plaintiff's farm in the county of Houston in this state, the others were given to defendant James-Dickinson Farm Mortgage Company and are not involved in this appeal. In April, 1921, Cooling assigned and transferred his note and mortgage to defendant James, indorsing the note without recourse. On August 5, 1921, James assigned and transferred the note and mortgage to defendant Farm Mortgage & Loan Company, indorsing the note in blank. Both these assignments were recorded August 9, 1921. On August 4, 1921, the plaintiffs began this action against defendants Cooling, Storebo, James-Dickinson Farm Mortgage Company and El Jardin Immigration Company to rescind

the purchase of the Texas land for fraudulent misrepresentations concerning the land, and to have the notes given therefor and the mortgage given to Cooling surrendered and canceled. On the same day they filed a notice of lis pendens in the office of the register of deeds of Houston county. After the assignments to James and from him to the Farm Mortgage & Loan Company had been recorded, plaintiffs, by amendment, made them parties defendant in the action. The Farm Mortgage & Loan Company interposed an answer, asserting that it was the owner and holder in due course of the note given to Cooling. This company was the only defendant which made a defense or appeared at the trial and will be designated as the answering defendant hereafter.

At the trial plaintiffs presented evidence sufficient to sustain their charge of fraud against the four original defendants, but offered no evidence tending to connect the answering defendant with the fraudulent transactions, nor to show that it had any notice or knowledge thereof at the time it purchased the note in controversy. The note was put in evidence. It bears interest at the rate of 6 per cent per annum payable annually and contains this further provision: "Principal and interest to draw interest at 8% if not paid when due."

When plaintiffs rested, the answering defendant stated that it would offer no evidence on the issue of fraud, but it made an offer to prove the facts necessary to establish that it was a holder of the note in due course under the Negotiable Instruments Act. This evidence was excluded on the ground that the note was not a negotiable note, for the reason that it provided for a higher rate of interest after maturity than before maturity. Thereafter the court made findings and directed judgment for plaintiffs canceling both the note and the mortgage. The answering defendant appealed from an order denying a new trial.

Plaintiffs contend: (1) That the provision for a higher rate of interest after maturity than before rendered the note non-negotiable; (2) that the filing of the notice of lis pendens operated as notice to the answering defendant of the defenses to the note.

Plaintiffs concede that the note is negotiable, unless made illegal and non-negotiable by section 5805, G. S. 1913, which provides:

"Contracts shall bear the same rate of interest after they become due as before, and any provision in any contract, note, or instrument providing for an increase of the rate of interest after maturity, or any increase therein after making and delivery, shall work a forfeiture of the entire interest; but this provision shall not apply to notes or contracts which bear no interest before maturity."

In Smith v. Crane, 33 Minn. 144, 22 N. W. 633, 53 Am. Rep. 20, decided before this statute was enacted, it was held that a provision for a higher rate of interest after maturity than before was in the nature of a penalty and unenforceable and therefore did not make the amount payable uncertain, and that the note was negotiable.

In Chase v. Whitten, 62 Minn. 498, 65 N. W. 84, it was said that the statute "contains the exclusive penalty for the violation of its provisions," and that it works a forfeiture of the entire interest, but does not invalidate the contract as to the principal.

In Loring v. Anderson, 95 Minn. 101, 103 N. W. 722, it was again held that such a note was negotiable. No point seems to have been made as to the effect of the statute, although it was then in force.

Plaintiffs rely upon Green v. Northwestern Trust Co. 128 Minn. 30, 150 N. W. 229, L. R. A. 1916D, 739, and the trial court also relied upon it as authority for his ruling. That case involved transactions concerning Montana lands. A trust deed of these lands had been executed to a Minnesota corporation as trustee to secure the payment of certain promissory notes. The question was whether this contract was a Montana contract and governed by the laws of Montana or a Minnesota contract and governed by the laws of Minnesota. Whether the notes were negotiable was not an issue in the case. They contained a provision for a higher rate of interest after maturity than before and also a provision for the payment of attorneys' fees if collected by action. As one of the reasons for holding that the contract was a Montana con-

tract, it was said that the provision for interest was valid under the laws of Montana, but worked a forfeiture of all interest under the laws of Minnesota. The provision for attorneys' fees made the notes non-negotiable under the Minnesota laws as they then stood, and this point was made in the brief of the respondent. This provision, however, is not set out in the opinion; but toward the close of the opinion, in enumerating the matters tending to show that the contract was intended to be a Montana contract, it is said that, "the notes were negotiable in Montana and non-negotiable in Minnesota." While this statement was correct, the omission to recite the provision on which it was based has evidently led to the erroneous assumption that it was based on the provision for interest.

In Goedhard v. Folstad, 156 Minn. 453, 195 N. W. 281, decided since the trial of the instant case, it was held, without an extended discussion, that although a provision in a promissory note for a higher rate of interest after maturity than before works a forfeiture of all interest, the note, nevertheless, remains a negotiable note for the principal sum.

Plaintiffs insist that the statute makes a contract containing such a provision illegal, and therefore non-negotiable. It makes the provision for interest illegal, but leaves the contract a valid obligation for the principal sum without interest. As said in Chase v. Whitten, 62 Minn. 498, 65 N. W. 84, the statute makes the forfeiture of interest the exclusive penalty for the violation of its provisions, and does not invalidate the contract as to the principal. The provision in the note in question forfeited the interest, but the note is still a valid note for the principal sum. After giving full effect to the statute, the note still possesses all the elements necessary to make it a negotiable note under the Negotiable Instruments Act.

Our conclusion is in harmony with the prior decisions of this court, and also in accord with the decisions of other courts. The laws of some states declare a provision for attorney's fees in a note or other evidence of debt against public policy and void. It is held that an instrument containing such a provision, but otherwise

negotiable, is negotiable under the Uniform Negotiable Instruments Act, although that provision is illegal and void. Sharpe v. Schoenberger, 44 S. D. 402, 184 N. W. 209; Chandler v. Kennedy, 8 S. D. 56, 65 N. W. 439; Bank of Holly Grove v. Sudbury, 121 Ark. 59, 180 S. W. 470, Ann. Cas. 1917D, 373; Miller v. Kyle, 85 Oh. St. 186, 97 N. E. 372.

To constitute a holder in due course under section 52 of the act, G. S. 1913, § 5864, the instrument, when taken, must be complete and regular upon its face. Plaintiffs insist that this note is not regular on its face, for the reason that it contains the forbidden provision in respect to interest. Section 1 of the act, G. S. 1913, § 5813, prescribes the conditions necessary to make an instrument negotiable. A promissory note which complies with these requirements, and which, on inspection, discloses nothing to indicate that it has been altered or was not intended to be fully operative according to its terms is complete and regular upon its face within the meaning of the statute. 8 C. J. 475.

The contention that the lis pendens, filed one day before the answering defendant purchased the note, operated as constructive notice of the defenses to the note, is without merit. Under the statute, section 56, G. S. 1913, § 5868, a purchaser is not chargeable with notice of an infirmity or defect in the instrument unless he had "actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." The statute, by its terms, excludes constructive notice. The statute, G. S. 1913, § 8025, providing for the filing of a notice of lis pendens makes it notice only of the right or equities of the party filing it in or to the real estate therein described. It has no other effect. Joslyn v. Schwend, 89 Minn. 71, 93 N. W. 705; Painter v. Gunderson, 123 Minn. 342, 143 N. W. 911. Moreover the doctrine of lis pendens has never applied to negotiable paper. 21 Am. & Eng. Enc. (2d ed.) 628; 17 R. C. L. 1022, § 19; 25 Cyc. 1453; 8 C. J. 518.

That a note and a mortgage securing it are transferred at the same time does not make the note, if negotiable, subject to de-

fenses existing against the mortgage. Dunnell, Minn. Dig. §§ 6278, 6284.

While what has been said leads to a reversal, the fact that the note had its inception in fraud was not controverted at the trial, and a retrial of that issue is deemed unnecessary. The order is reversed, and a new trial is granted to determine whether the answering defendant was a holder of the note in due course.