IN RE ESTATE OF PETER YLIJARVI.
FINNISH AMERICAN EVANGELICAL LUTHERAN SYNOD, RESPONDENT.[1]

June 3, 1932.

No. 28,926.

[1]Reported in 243 N. W. 103.

*Toivonen & Harri* and *Frankberg, Berghuis & Frankberg,* for appellants.

*Victor E. Essling* and *Edward W. Peterson,* for responden⁺.

WILSON, C. J.

The appeal is from an order denying an alternative motion for judgment non obstante or a new trial.

Oscar Ylijarvi and Henry Ylijarvi contest their father's will on the ground of incompetency and undue influence. The probate court allowed the will. Upon appeal the trial resulted in a verdict for contestants. A new trial resulted in a verdict for the proponent of the will. This appeal followed.

While the testator was under guardianship in April, 1923, he employed a lawyer, Byron R. Wilson, of Wadena, to institute proceedings to have him restored to capacity. Matters were adjusted satisfactorily to the testator without then procuring such restoration. In the summer of 1923, while so in contact with Mr. Wilson, the testator had Mr. Wilson prepare a will for him which he executed. It was about the same as the will now in controversy, which was made in 1928.

Mr. Wilson was called by the respondent as a witness in this case and gave his opinion as to the competency of the testator during the times mentioned. He apparently had no difficulty in remembering the important facts upon which he based his opinion; and at the conclusion of his direct examination the proponent offered in evidence a memorandum which the witness had made at the time the will was made. It is known as respondent's exhibit eight, and was a typewritten paper which had been kept in the attorney's file until it was produced in the trial of the case. It was claimed by the proponent that the offer was to corroborate the testimony of the witness. Contestants claimed that the memorandum could be used for the purpose of refreshing the witness' memory only, that the witness had used it for the purpose of refreshing his recollec-

tion. The objections were overruled and the exhibit received. It is as follows:

"The statements contained in pencil notes in this file are from facts related to me prior to hearing at Fergus Falls, in June of this year, thru Wm. Ruona of Sebeka acting interpreter. The date and facts used for the preparation of the will were given to me today by the testator, the same Wm. Ruona acting interpreter. The testator uses no notes, memo or other means of refreshing his memory; seems to know what property he has, what he is worth, and who his natural beneficiaries are, etc. I have paid particular attention to the facts herein both because of the contest to restore him to capacity in which I am his attorney and because this is the first time I have ever undertaken to prepare a will for a person under judgment of incompetency, and I have wished to be absolutely sure about it. I am certain that the old man is entirely competent, not only to make a will, but so as to be entitled to restoration, but by making this will and gaining the right to receive from his guardian whatever money he may desire, he has all that he sought without taking over the burden of managing his property and he seems to be more satisfied that it stay in that way. He has just returned from Cokato and the home of the guardian and they may have talked with him a good deal as two months ago he seemed to intend to cut off certain children with smaller amounts but today he says give the boys who helped me the most a little more, specifying the amount, and then divided it up equally between all the children. I can see a chance of a contest on this will hence these notes for my better recollection in that event."

The reception of this exhibit was error. The rule is that such a memorandum is not admissible in evidence, and the witness cannot refer to it unless it appears that without it he cannot speak from memory as to the facts, for it is only in such case that the witness needs the aid of the memorandum. Sullivan v. Minneapolis St. Ry. Co. 161 Minn. 45, 200 N. W. 922. There are exceptions to this rule, as indicated in the Sullivan case. Within the exception there are cases where memoranda are admissible when there is a charge

of a recent fabrication; and then, in order to repel and refute such an imputation, it may be shown that the witness made a similar statement in the form of a memorandum or report as to the matter concerning which he testifies at a time when the supposed motive did not exist. The reception of such a memorandum when admissible is not for the purpose of corroboration but for the purpose of removing a cloud put upon the witness by the other side. In the instant case no one charged Mr. Wilson with fabrication. Perhaps witnesses may have differed with him as to the competency of the testator, but that is far from constituting an accusation of fabrication sufficient to support the exception to the rule.

We need not point out and discuss the various statements made in exhibit eight tending to emphasize its prejudicial character. The argument is that if the reception of exhibit eight is erroneous it is without prejudice. But the difficulty with the argument is that we never know within any degree of certainty the extent that such an exhibit may have influenced jurors. Here is a closely contested case, and slight influence may have permeated the result. Under the circumstances we are of the opinion that a new trial should be granted.

It is so ordered.