O. O. MYHRE v. L. M. SEVERSON.[1]

October 31, 1941.

No. 32,917.

O. O. Myhre, pro se.
L. M. Severson, pro se.
Kyle & Kyle, amici curiae.

HOLT, JUSTICE.

Plaintiff appeals from a declaratory judgment. Each party moved for judgment on the pleadings. Defendant's motion was granted and plaintiff's denied.

The complaint alleged that plaintiff executed and delivered this instrument to defendant:

"$80.00                               Minneapolis, Minnesota,
                                          January 2nd, 1940

On July 2nd, 1941, I promise to pay to L. M. Severson or order, Eighty and no/100 ($80.00) Dollars for value received with inter-

[1]Reported in 300 N. W. 605.

est thereon payable semi-annually as follows, to-wit: On July 2nd, 1940, at the rate of four (4%) per cent per annum from date; on January 2nd, 1941, at the rate of five (5%) per cent per annum from July 2nd, 1940; on July 2nd, 1941, at the rate of six (6%) per cent per annum from January 2nd, 1941, and after maturity until paid at the highest rate per annum enforcible under the Statutes of the State of Minnesota in such case made and provided.

(Signed) O. O. Myhre."

The action was begun after January 2, 1941, for it is alleged that defendant has demanded the interest that fell due at that date, and plaintiff refused because he claims that by the provisions of the note all interest is forfeited.

Plaintiff and defendant are attorneys. They appear *pro se.* A law firm of standing in another district has filed a brief *amici curiae* and was denied application to argue the appeal orally. The lawsuit savors strongly of being collusive or feigned. It is hard to understand that two reputable attorneys, for a stake of $6 (the interest claimed to be forfeited) spend time and money in carrying on this litigation in two courts. However, the declaratory judgments statute, Mason St. 1940 Supp. § 9455-2, is very broad and seems to give to any party to a written instrument the right to have it construed.

Plaintiff contends that the note above set out calls for a greater interest after maturity than before and, hence all interest is forfeited by the last sentence of Mason St. 1927, § 7036, reading:

"Contracts shall bear the same rate of interest after they become due as before, and any provision in any contract, note, or instrument providing for an increase of the rate of interest after maturity, or any increase therein after making and delivery, shall work a forfeiture of the entire interest; but this provision shall not apply to notes or contracts which bear no interest before maturity."

Absent an agreement in the note for a higher rate of interest after maturity than before, the highest rate permitted by the law of this state for the use of money or damages for the detention thereof after it is due is six per cent per annum. The rate provided by the note was six per cent for the six months immediately before it became due. There is then no provision for a higher rate after maturity than before. Contracts are to be so construed as to avoid a forfeiture. Investors Syndicate v. Baskerville Bros. Holding Co. 200 Minn. 461, 274 N. W. 627.

Appellant places reliance on what he calls a doubtful clause in the quoted statute, namely, "or any increase therein after making and delivery." This clause does not seem applicable here, for there is no agreement pleaded as having been entered into, "after making and delivery" of the note. It is reasonable to suppose that the quoted clause was inserted to prevent any agreement being made after the delivery of the note or contract for increased interest after maturity. It was early decided, Talcott v. Marston, 3 Minn. 238 (339), that an agreement to pay a higher rate after maturity is in the nature of a penalty and not enforcible; hence the legal rate applies, now six per cent. Smith v. Crane, 33 Minn. 144, 22 N. W. 633, 53 Am. R. 20; Allen v. Cooling, 161 Minn. 10, 200 N. W. 849.

The court below in the order for judgment held the interest after July 2, 1941, would be five per cent per annum. From what has been stated above, the conclusion seems clear that the interest was six per cent when the note fell due, and that by the terms of both note and statute six per cent would be the rate after July 2, 1941. But defendant has not appealed.

Judgment affirmed.