**HIDEAWAY, INC., et al., Appellants,**

v.

**GAMBIT INVESTMENTS INC., et al., Respondents.**

**No. C4–85–1803.**

Court of Appeals of Minnesota.

May 13, 1986.

Michael M. Whalen, Nixon & Whalen, P.A., Minneapolis, for appellants.

Paul B. Kilgore, Bonner Law Offices, Minneapolis, for respondents.

Considered and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant brought suit alleging respondent had failed to make installment payments and seeking damages and an injunction ordering respondent to make future payments on time. Respondent counterclaimed, alleging appellant breached a contract provision by trespassing on the property which was being sold. The trial court found for respondent, determining it made all past and future payments and awarding it damages for appellant's trespass. We affirm in part and reverse in part.

## FACTS

On November 19, 1982, appellants Howard Manthei and his corporation Hideaway Inc. entered into a purchase agreement to sell a tavern on West Broadway in North Minneapolis to respondent Craig Sandquist. The purchase price of "not less than" $13,-000 was to be paid as follows: "Buyer agrees that Seller shall have the absolute right to 50% of the net profits from income derived from all pool tables (excluding bumper pool tables) and the cigarette machine * * * for a period of fifteen (15) years from and after the date hereof." On June 3, 1983, the parties amended the purchase agreement to read that respondent would pay 25%, rather than 50%, of the net profits to appellant.

On December 21, 1983, appellant brought this suit seeking judgment for overdue payments and a mandatory injunction requiring respondent to make all future payments on time. Respondents counterclaimed, alleging that on numerous occasions appellant trespassed in violation of an express contract provision prohibiting him from trespassing on the property, and that his very obnoxious behavior caused numerous patrons to leave the tavern and state that they would never return. On April 1, 1984, respondents closed the tavern until after trial.

The trial court found that respondent had paid all amounts due under the purchase agreement. The court refused to grant the injunction because the tavern had been closed. The court also awarded respondent $500 in damages for appellant's trespassing on the property.

Almost immediately after trial, respondent reopened the bar under the ownership of a different corporation of which he was the sole shareholder. When appellant learned of this he brought a motion for a new trial, alleging respondent committed perjury by testifying that he no longer owned the tavern and that he did not intend to reopen it. The trial court denied this motion. In a brief memorandum accompanying the order, the trial court stated that in order for the court to issue a mandatory injunction, it must first determine that respondent owed appellant some money. Because the trial court had previously determined that all amounts due had been paid, the motion was denied. In a supplemental memorandum, the trial court stated that the entire purchase agreement, including both past and future payments, had been paid.

## ISSUES

1. Did the trial court abuse its discretion in failing to issue a mandatory injunction or err in denying the motion for a new trial on this issue?

2. Did the trial court err in holding that all future payments under the contract had been made?

## ANALYSIS

1. Appellant does not dispute that all amounts due under the purchase agreement have been paid through the date of trial. Nor does appellant dispute the trial court's award of $500 to appellant because of appellant's trespasses. Appellant's sole dispute concerns how the trial court han-

dled the issue of future payments due under the purchase agreement.

■ A mandatory injunction is one that commands the doing of a positive act by the defendant. *Bellows v. Ericson,* 233 Minn. 320, 325–26, 46 N.W.2d 654, 658 (1951). An injunction will not be granted to prevent a mere assumption of a possible result; rather, some irremediable damage must be shown. *Independent School District No. 35 v. Engelstad,* 274 Minn. 366, 370, 144 N.W.2d 245, 248 (1966). In addition, an injunction will be granted only when the party's legal remedies are inadequate and only to prevent great and irreparable injury. *Cherne Industrial, Inc. v. Grounds & Associates, Inc.,* 278 N.W.2d 81, 92 (1979). The threatened injury must be real and substantial and the burden is on the moving party to establish the material allegations. *AMF Pinspotters, Inc. v. Harkins Bowling, Inc.,* 260 Minn. 499, 504, 110 N.W.2d 348, 351 (1961). Finally, it is well established that the trial court has discretion to grant or deny an injunction. *Theros v. Phillips,* 256 N.W.2d 852, 859 (Minn.1977).

■ We do not believe the trial court abused its discretion in failing to issue the mandatory injunction. Appellant failed to prove that irreparable injury would occur if the injunction were not granted. At best, appellant proved that he possibly may be injured in the future because respondent may not make future payments. Furthermore, appellant failed to prove that his legal remedies were inadequate because he may bring suit for money damages or rescission in the future. Therefore, the trial court did not abuse its discretion in failing to issue the injunction.

■ Appellant also argues that the court erred in not granting a new trial on the basis of respondent's alleged perjured testimony that he no longer owned the bar and that he did not intend to reopen it. We have reviewed the record and find that the court did not err in failing to grant appellant's motion for a new trial.

2. Appellant appears to be most concerned with a statement in the trial court's supplemental memorandum to the order denying a new trial. This supplemental memorandum explained the original conclusion that respondent had made all payments due under the agreement. In the supplemental memorandum the court stated that respondents have paid the entire balance owed under the purchase agreement, including both past and future payments. Appellant contends that the purchase agreement was for $13,000 and that the record clearly shows that respondent has only paid $500. Therefore, appellant contends that the trial court clearly erred in stating that respondents have paid the entire amount due now and in the future.

We too are concerned with the trial court's statement because it appears clear that appellant is still owed at least $12,500. Although the trial court did not adequately explain its rationale, it appears that the trial court believed that respondent's agreement to pay for the property was contingent on appellant not trespassing. In essence, the court apparently felt that this prohibition was a condition subsequent and that when appellant entered the bar, respondent no longer had to perform his obligations.

■ This ruling is an extremely harsh punishment to appellant because respondent is allowed to keep the $13,000 business without paying more than $500 for it, while appellant apparently forfeits the property. It is well established that forfeitures are not favored and will not be enforced when great injustice would be done and when the one seeking the forfeiture is adequately protected without the forfeiture. *Warren v. Driscoll,* 186 Minn. 1, 5, 242 N.W. 346, 347 (1932). Furthermore, contracts should be construed as to avoid a forfeiture. *Myhre v. Severson,* 211 Minn. 189, 191, 300 N.W. 605, 606 (1941). Finally, the forfeiture of a right of action through the operation of a condition subsequent, as in this case, will be enforced only where the right to such forfeiture is plain. *See Johnson v. Bankers Mutual Casualty In-*

*surance Co.,* 129 Minn. 18, 21, 151 N.W. 413, 414 (1915).

The present contract contains no language that would suggest appellant forfeits all rights to future payments if he trespasses. It would be unjust to interpret the contract in such a manner because appellant would then forfeit his rights to be paid at least $12,500 over the next eleven years. Respondent may be adequately protected without the forfeiture by awarding him damages as, in fact, was done here by the award of $500. Furthermore, if necessary, an injunction may be issued prohibiting appellant from entering the premises. In any event, although appellant breached a provision of the agreement, this breach was not so material that it relieves respondent of his obligations under the contract. Therefore, we hold that the trial court erred in holding that all amounts due in the future have been paid.

## DECISION

We affirm the trial court's denial of the injunction and new trial. We reverse the trial court's ruling that all future payments have been made.

Affirmed in part and reversed in part.