MARY BROWN HILL *v.* THE TRAVELERS INSURANCE COMPANY *et al.**

(*Nashville,* December Term, 1926.)

Opinion filed, June 25, 1927.

1. DAMAGES. Husband and wife. Mutilation of corpse. Autopsy.

The right to the possession of a corpse for purpose of decent interment, is vested in the surviving spouse, or next of kin; who may refuse or consent to an autopsy, limiting its scope, and place thereof. The violation of any limitation on the permission given, is a trespass for which an action will lie. (Post, p. 298.)

Citing: Dutto v. Cemetery, (8 Higgins), 120; Taylor v. Bearden, 6 Higgins, 33; Larson v. Chase, 47 Minn., 307, 14 L. R. A., 85; 28 Am. St. Rep., ,370; Darcy v. Presbyterian Hospital, 202 N. Y., 259; Mensinger v. O'Hara et al., 189 Ill. App., 48; Koerber v. Patek, 123 Wis., 453, 102 N. W., 40, 68 L. R. A., 956; Hassard v. Lehane, 143 App. Div. (N. Y.), 424, 128 N. Y. Supp., 161; Wright v. Hollywood Cemetery Corporation, 112 Ga., 884, 52 L. R. A., 621; Wadsworth v. Telegraph Company, 86 Tenn., 695; Winkler v. Maxwell, 126 Iowa, 474.

Citing and distinguishing: Mensinger v. O'Hara et al., 189 Ill. App., 48, supra; Nichols v. Central Vermont R. Co. (Ver.), 109 Atl., 905, 12 A. L. R., 333.

2. SAME. Same. Same. Statute of Limitations.

The damages recoverable in such a case are not for the injury done to the dead body, but are for the wrong or trespass on the plaintiff's right to the undisturbed possession and control of the body, measured by the mental anguish and suffering of the plaintiff occasioned thereby; and such action is not one "for injuries to the person," controlled by statute of limitations of one year. (Post, p. 302.)

Citing and distinguishing: Shannon's Code, (all editions), sec. 4469.

FROM SHELBY

Appeal from the Circuit Court of Shelby County.—
HON. H. W. LAUGHLIN, Judge.

T: B. PASSMORE, for plaintiff in error.

G. T. FITZHUGH and BEN W. KOHN, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The declaration in this case was filed by Mrs. Mary Brown Hill against the Travelers Insurance Company and Dr. John A. McIntosh for damages for an unauthorized mutilation and exposure of the body of her deceased husband. The plaintiff has appealed from a judgment sustaining a demurrer filed to the declaration by both defendants.

The demurrer makes the defense that the declaration fails to state a cause of action against the defendants, and also interposes the statute of limitations of one year as a bar to the action.

The declaration contains a single count, and avers that plaintiff's husband, Albert J. Brown, died on August 18, 1923; that he held a policy of accident insurance issued by the Travelers Insurance Company, and that on August 21, 1923, while the body of her husband was being prepared for burial, the insurance company requested permission to have an autopsy performed; that after refusing this permission for two days the plaintiff consented

that the autopsy might be made "with the expressed stipulation that same must be done in a proper and decent way; that it must not be made in an open or public place, and that it must not involve the mutilation of the body."

The declaration avers that the autopsy was performed by Dr. McIntosh, acting as agent for the insurance company.

The declaration avers that in making the autopsy the defendants were wanton, willful and inhuman in their disregard of the feelings and sensibilities of the plaintiff, in violation of her legal rights, in that the autopsy was performed in an open space in the cemetery, in plain view of near by residences, and where the public might and did look upon the autopsy; and in that parts of vital organs, including the heart, were removed from the body and retained by the defendants "in disregard of law and common decency and the expressed conditions and limitations of plaintiff's permission."

The declaration further avers that after removing the heart from the body of plaintiff's deceased husband, the defendants used it as evidence in an effort to defeat plaintiff's claim on said policy of insurance, after which it was retained by Dr. McIntosh and used in a medical college for purposes of scientific exhibition and instruction. '

The declaration avers that, as a direct consequence "of this wrongful, willful and wanton conduct on the part of the defendants," plaintiff suffered from worry, grief and mental anguish to the extent that she completely lost her health, and was confined at times in a hospital in a state of nervous collapse, and has suffered a permanent injury to her health.

It is further averred in the declaration that within the year immediately following the date of the autopsy Dr. McIntosh falsely denied to plaintiff that he had the heart or any other part of the body in his possession, and that by such methods of deception knowledge of the facts averred as the cause of action was kept from plaintiff until a date less than one year prior to the institution of the suit.

The reported decisions of this court do not contain a direct precedent for the determination of the issue here presented. Similar causes of action were considered by the Court of Civil Appeals in two cases. *Dutto* v. *Cemetery,* 8 Higgins, 120; *Taylor* v. *Bearden,* 6 Higgins, 33. The report of each of these cases contains a notation that the case was carried to the Supreme Court and there affirmed.

In *Dutto* v. *Cemetery,* supra, a cause of action was sustained for the wrongful disinterment and removal of a body from one lot to another in the same cemetery, on the theory that the plaintiff's right of possession of the body of her deceased child had been disturbed or trespassed upon, the Court of Civil Appeals holding that "the plaintiff could bring trespass or an action upon the facts of the case for any invasions or disturbance of the place where her daughter was buried." The Court of Civil Appeals further held in that case that in such an action damages may be recovered for the mental suffering of the plaintiff, "whether any actual money loss or damage is sustained or not."

In *Taylor* v. *Bearden,* supra, damages for mental suffering and anguish were awarded the plaintiff against the defendant, an undertaker, because of his negligent

performance of his contract to properly embalm the body of plaintiff's wife.

The case here is not the same as that involved in *Taylor* v. *Bearden*. The wrong here complained of is not the result of negligence, but is a willful violation of plaintiff's right to the undisturbed possession and interment of the body of her deceased husband, except in so far as she surrendered that right by her express permission, as described in the declaration.

The case of *Larson* v. *Chase*, 47 Minn., 307, 14 L. R. A., 85, 28 Am. St. Rep., 370, has been referred to many times in cases from other jurisdictions as the leading case on this question. It was there held that the right to the possession of a dead body for the purposes of decent burial is vested in the surviving husband or wife or next of kin, and that it is a right which the law will recognize and protect. While disaffirming the proposition that a corpse is property in the ordinary commercial sense, the court held that any interference with the right of possession for burial, by mutilating or otherwise disturbing the body, is an actionable wrong and a subject for compensation. Dealing with the measure of damages for such a wrong, the Supreme Court of Minnesota said:

"Wherever the act complained of constitutes a violation of some legal right of the plaintiff, which always, in contemplation of law, causes injury, he is entitled to recover all damages which are the proximate and natural consequence of the wrongful act. That mental suffering and injury to the feelings would be ordinarily the natural and proximate result of knowledge that the remains

of a deceased husband had been mutilated is too plain to admit of argument."

We have not been able to find any dissent from the general propositions asserted in *Larson* v. *Chase,* supra,

To the same general effect are the holdings in *Darcy* v. *Presbyterian Hospital,* 202 N. Y., 259; *Mensinger* v. *O'Hara et al.,* 189 Ill. App. 48; *Koerber* v. *Patek,* 123 Wis., 453, 102 N. W., 40, 68 L. R. A., 956; *Hassard* v. *Lehane,* 143 App. Div. (N. Y.), 424, 128 N. Y. Sup., 161; *Wright* v. *Hollywood Cemetery Corporation,* 112 Ga., 884, 52 L. R. A., 621.

The case of *Mensinger* v. *O'Hara et al.,* 189 Ill. App., 48, cited above, and *Nichols* v. *Central Vermont R. Co.,* —— Ver., ——, 109 Atl., 905, 12 A. L. R., 333, limit the recovery of damages for mental anguish to instances of willful or wanton negligence, and to that extent are in conflict with the decision of the Court of Civil Appeals in *Taylor* v. *Bearden,* supra, and this limitation is recognized in other jurisdictions. The principles underlying the award of damages in *Taylor* v. *Bearden,* however, were recognized and followed by this court in *Wadsworth* v. *Telegraph Company,* 86 Tenn., 695, wherein it was held by a majority of the court that damages may be awarded for mental anguish and suffering on account of the failure of a telegraph company to properly transmit and deliver a telegram.

The limitation of a recovery for mental anguish to cases involving a willful or wanton wrong is not, however, material to the present case in view of the averment of the declaration that the acts complained of were done in wanton, willful and reckless disregard of the legal rights of the plaintiff.

In *Koerber* v. *Patek,* supra, the plaintiff had given the defendant permission "to merely examine the stomach" of the body of her deceased son, and the declaration or complaint averred that the defendant willfully, maliciously and without authority, and against the wish of the plaintiff, cut out and removed the stomach of the dead body, and refused to return the same on request, whereby burial became necessary without it. The Supreme Court of Wisconsin held that a good cause of action in favor of the plaintiff was stated, and that the trial court had erred in sustaining a demurrer to the complaint.

In *Winkler* v. *Maxwell,* 126 Iowa, 474, the question of whether the plaintiff had consented to a *post-mortem* examination of the body of her deceased husband was submitted to a jury, and verdict was rendered for the defendant. It was urged on appeal that there was no evidence to support the verdict.

The Supreme Court of Iowa held that the consent given by the plaintiff to an examination of the body for the purpose of determining the cause of death implied a permission to the surgeon to conduct the examination in the approved and usual manner practiced by the profession, including a necessary removal of some of the parts for miscroscopic examination; and that the defendants were not guilty of an actionable wrong in so doing "unless such permission was expressly withheld at the time consent to open the body was given." The court construed the verdict as a finding by the jury against the plaintiff's claim that she had withheld permission for the removal of any part of the body, and the judgment of the defendant was accordingly affirmed.

Obviously the holding in the case last cited does not support the demurrer in the present case, in the face of the averment of the declaration that permission to conduct the autopsy was given with the expressed stipulation "that it must not involve the mutilation of the body."

The plaintiff in the present case, having the undoubted right to refuse to permit an autopsy to be held at all, had the right to clothe her consent with any stipulations or limitations she might choose to make. The expressed limitation that the body should not be mutilated clearly negatives any consent on the part of the plaintiff that any portion of the body should be severed and removed. Also, we think the plaintiff had the right to dictate that the autopsy be held in private and not in a public place. The violation of either or both of these limitations on the permission given by the plaintiff for the autopsy was a trespass on her rights as defined in the authorities hereinabove cited.

It is our conclusion, therefore, that the declaration did state a cause of action against both of the defendants.

The Statute of Limitations of one year, invoked by the defendants, applies to "Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, and statute penalties." Shannon's Code (all editions), section 4469.

The contention is made by the defendants that the cause of action stated in the declaration is "for injuries to the person."

The authorities cited herein clearly force a contrary holding. The damages recoverable in such a case are not for the injury done to the dead body, but are for the wrong or trespass on the plaintiff's right to the undisturbed possession and control of the body, measured by the mental anguish and suffering of the plaintiff occasioned thereby. Clearly this is not an action for "injuries to the person."

Defendants further contend that the averments of the declaration apparently included for the purpose of avoiding the Statute of Limitations of one year, constitute an admission on the part of the plaintiff that this statute of limitation is applicable to the case.

We cannot agree to this proposition. Averment of facts explaining the failure of the plaintiff to institute her suit at an earlier date is not an admission that the suit would have been barred but for the existence of such facts. No element of estoppel is involved on account of such averments.

Plaintiff's appeal was dismissed on a former day of this term, upon the motion of the defendants based upon plaintiff's failure to file her assignments of error ten days before the case was set for hearing.

A petition to rehear having been filed by the plaintiff, the former order will be set aside, and judgment will be entered reversing the judgment of the circuit court and remanding the case for further proceedings.