IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 13, 2007 Session

**RONDAL AKERS, ET AL. V.**
**BUCKNER-RUSH ENTERPRISES, INC., ET AL.**

**Appeal from the Circuit Court for Bradley County**
**Nos. V-02-0620, V-02-623, and V-02-624    W. Neil Thomas, III, Judge**

**No. E2006-01513-COA-R3-CV    Filed November 21, 2007**

This is an appeal from three consolidated lawsuits filed against T. Ray Brent Marsh, Marsh's former business, Tri-State Crematory, and Buckner-Rush Enterprises, Inc. The plaintiffs are relatives and a girlfriend of three deceased individuals whose bodies were sent by Buckner-Rush Funeral Home to Tri-State Crematory for cremation. The bodies were not cremated and either were dumped or buried by Marsh on the Tri-State premises. The Trial Court dismissed all three lawsuits after holding that the plaintiffs did not have standing to bring any of the tort, contract, or statutory claims at issue. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit**
**Court Affirmed in Part and Vacated in Part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., joined. CHARLES D. SUSANO, JR., J., filed a separate opinion concurring in part and dissenting in part.

William J. Brown, Cleveland, Tennessee, for the Appellants, Rondal and Lucinda Akers, Donna Burns, and Susan Hall, Doyle Harden, Ricky Harden, Sandra Fogle, Mollie C. Denton, and Elaine Waldron,

Stuart F. James, Chattanooga, Tennessee, for the Appellees T. Ray Brent Marsh, Rhames Lashae Marsh, Tri-State Crematory, and Tri-State Crematory, Inc.

Aubrey B. Harwell, Jr., Ronald G. Harris, and George H. Cate, III, Nashville, Tennessee, for the Appellees, Buckner-Rush Enterprises, Inc., Prime Succession of Tennessee, Inc., and Prime Succession Holding, Inc.

# OPINION

## Background

This is the third appeal from numerous civil lawsuits filed against T. Ray Brent Marsh ("Marsh") and various other defendants. The underlying facts are set forth in depth in our other opinions, *Floyd v. Prime Succession of TN*, No. E2006-01085-COA-R9-CV, 2007 WL 2297810 (Tenn. Ct. App. Aug. 13, 2007), *no appl. perm. appeal filed*, and *Crawford v. J. Avery Bryan Funeral Home, Inc.*, No. E2006-00987-COA-R3-CV (Tenn. Ct. App. Nov. 21, 2007).[1] We will again mention in this opinion only the most significant underlying facts.

Marsh operated Tri-State Crematory in Noble, Georgia. In 2002, it was discovered that the crematory was not operational and had not been operational in years. Although Marsh continued to accept bodies for cremation, he simply was burying or dumping the bodies on the Tri-State premises. Marsh would return to the family members what purported to be the ashes of a deceased, but the ashes were not the remains of their loved one. Over 300 un-cremated bodies were discovered on the Tri-State premises. Local authorities were able to identify approximately 200 of those bodies. Criminal charges were brought against Marsh in Georgia and Tennessee. Marsh received a 12-year prison sentence in Georgia and a 9-year prison sentence in Tennessee. The sentences are being served concurrently. *See Floyd*, 2007 WL 2297810, at *2, 3.

Numerous civil lawsuits were filed in several states by family members of the deceased individuals who were not or were believed not to have been cremated. The lawsuits were filed against various defendants including Marsh, Tri-State Crematory, and the funeral homes.

As discussed in much more depth in our *Crawford* opinion, a class action lawsuit was filed in Georgia. The United States District Court for the Northern District of Georgia certified class action status and members of the class were permitted to opt-out. The class action lawsuit was settled.

The present appeal involves three separate lawsuits brought by individuals who were not parties to the Georgia class action lawsuit. The plaintiffs have alleged various causes of action, including breach of contract, negligence, misrepresentation, negligent and intentional infliction of emotional distress, intentional mishandling of a corpse, and fraud. All three of these lawsuits were filed in the Circuit Court for Bradley Country, Tennessee. The Trial Court consolidated the cases because they involved similar and, at times, identical issues. All the defendants in the three lawsuits filed motions for summary judgment claiming that the plaintiffs lacked standing to pursue any of their claims. Resolution of the standing issue, at least in part, involves an examination of the familial relationship of the plaintiffs to their deceased loved one. The basic familial relationships are as follows:

---

[1] The opinion in *Crawford v. J. Avery Bryan Funeral Home, Inc.*, No. E2006-00987-COA-R3-CV, is filed contemporaneously with this opinion.

1.    The Akers lawsuit. Rondal D. Akers, III, died on November 23, 2001. At the time of his death, the decedent was divorced, had never remarried, and had one child, a twelve-year old daughter named Lindsey D. Akers. Funeral arrangements were made with the Buckner-Rush Funeral Home[2] in Cleveland, Tennessee. The decedent's father, Rondal D. Akers, Jr., signed the contract for funeral services with the Funeral Home. Both Rondal D. Akers, Jr. and his wife, the decedent's mother, Lucinda Akers, signed a three page document titled "Cremation and Disposition Authorization." The decedent's body then was taken to Tri-State for cremation. Because the crematorium was not operational, we can safely assume that the decedent's body was not cremated. It is unclear what happened to the decedent's body as it was not one of the bodies later identified. The decedent's body either is one of the unidentified bodies, or has yet to be found. The Akers lawsuit was filed by the decedent's parents, Rondal D. Akers, Jr., and Lucinda Akers.

2.    The Burns lawsuit. William R. Burns died on March 19, 1999. Mr. Burns was survived by his wife, Linda Burns. Following his death, Mr. Burns' daughter, Donna Burns, made the necessary funeral arrangements with the Funeral Home. Donna Burns signed both the general contract for funeral services and the cremation and disposition authorization. Mr. Burns' body was sent to Tri-State for cremation and either was dumped or buried on the Tri-State premises. Mr. Burns' remains later were identified and returned to the family. The Burns lawsuit was filed originally by Linda and Donna Burns. After the lawsuit was filed, Linda Burns decided to participate in the Georgia class action lawsuit, and she ultimately settled all of her claims in the class action lawsuit. Accordingly, the claims of Linda Burns in the lawsuit now before us were voluntarily dismissed. Donna Burns is the only remaining plaintiff in the Burns lawsuit.

3.    The Hall lawsuit. Lloyd Nolan Harden died on April 18, 2000. At the time of his death, the decedent was not married. However, he did have a girlfriend, Elaine Waldron, who was pregnant with the decedent's only child. The decedent was survived by his mother and six siblings. One of the decedent's sisters, Susan Hall, signed the contract for funeral services with the Funeral Home. However, all six of the decedent's siblings signed the cremation and disposition authorization. These six siblings are: Susan Hall, Doyle Harden, Ricky Harden, Sandra Fogle, Mollie Denton, and Donnie Harden.[3] The decedent's body was transported to Tri-State for cremation. As with the other bodies, the decedent's remains were not cremated. In August of 2002, the decedent's body was discovered on the Tri-State premises. The remains were returned to the family and properly cremated. The present lawsuit was filed by the decedent's siblings and his girlfriend.

After examining the familial relationships of the plaintiffs to their deceased family members, the Trial Court granted the defendants' motions for summary judgment in all three cases

---

[2] The funeral arrangements in all three of the consolidated cases were made with the Buckner-Rush Funeral Home in Cleveland, Tennessee. For the remainder of this opinion, Buckner-Rush Funeral Home will be referred to as the "Funeral Home."

[3] Donnie Harden voluntarily dismissed his lawsuit. The other five of the decedent's siblings, as well as the decedent's girlfriend Elaine Waldron, comprise the six appellants in the Hall case.

after finding that the plaintiffs lacked standing. The Trial Court's dismissal in the <u>Akers</u> case states as follows:

> The Plaintiffs are the parents of Rondal Douglas Akers III, who died on November 23, 2001, and whose remains were delivered to Tri-State Crematory, in and through Buckner-Rush, for cremation.… The issue at the core of [the Defendants' motions for summary judgment] is whether the Plaintiffs in this lawsuit [have] standing to maintain a claim against these Defendants. Tennessee law only allows the relative with superior title to bring claims arising from the mishandling of a corpse. Superior title was defined in 1926 by the Supreme Court of Tennessee in <u>Hill v. Traveler's Inc. Co.</u>, 294 S.W. 1097, 1098 (Tenn. 1926), as the surviving spouse of the deceased and, in the absence of such, the next of kin.
>
> *   *   *
>
> Analogous to the <u>Hill</u> case, the Plaintiffs' claim in this action, even though written with contractual overtones, arises from the mutilation of a body. Only in the absence of a next of kin may the parents bring action. Lindsey Dominica Akers, as the daughter of the decedent, holds the sole right, if any, to bring suit on the decedent's behalf. Her actions and claims are not before this court, yet her status precludes the Plaintiffs from their right as the otherwise next of kin.…
>
> Plaintiffs make essentially two arguments. First is that their claims are contractually based and, therefore, kinship status is not an issue. This is simply not the case; the contractual relationship, if any, between the Plaintiffs and Defendants appears limited by the language of the contract itself by stating the document is simply a release authorization.…
>
> [T]his court will follow its 2006 decision and rationale set forth in *Crawford v. J. Avery Bryan Funeral Home, Inc.* In *Crawford*, as in the case at bar, the action was brought by a family member who did not meet the *Hill* limitations on standing.…
>
> All other issues raised in the motions are pretermitted by the decision with respect to the standing of the Plaintiffs in this case.…

The orders dismissing the <u>Burns</u> and <u>Hall</u> cases were virtually identical to the order dismissing the <u>Akers</u> case. The Trial Court concluded in <u>Burns</u> that the decedent's wife, Linda Burns, was the sole person with standing to bring the claims at issue in that case. Because Linda

Burns had the superior right, the remaining claims brought by the decedent's daughter, Donna Burns, were dismissed by the Trial Court for lack of standing. In Hall, the Trial Court concluded that it was the decedent's mother who had the superior right to bring the lawsuit, to the exclusion of the decedent's siblings and his girlfriend.

All of the plaintiffs appeal, claiming that the Trial Court erred in dismissing their lawsuits. Although several issues are raised, the dispositive issues on appeal surround whether the Trial Court correctly dismissed all of the plaintiffs' claims after determining that none of them had standing.

## Discussion

In *Teter v. Republic Parking System, Inc.*, 181 S.W.3d 330 (Tenn. 2005), our Supreme Court recently reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment. The Court stated:

> The purpose of summary judgment is to resolve controlling issues of law rather than to find facts or resolve disputed issues of fact. *Bellamy v. Fed. Express Corp.*, 749 S.W.2d 31, 33 (Tenn. 1988). Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). In reviewing the record, the appellate court must view all the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of the non-moving party. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). And because this inquiry involves a question of law only, the standard of review is de novo with no presumption of correctness attached to the trial court's conclusions. *See Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Teter*, 181 S.W.3d at 337.

## A. The tort claims

We first will address the various tort claims filed by the plaintiffs. We begin by briefly summarizing our holding in the companion case of *Crawford v. J. Avery Bryan Funeral Home, Inc.*, No. E2006-00987-COA-R3-CV (Tenn. Ct. App. Nov. 21, 2007). In *Crawford*, the decedent, Robert H. Crawford, Jr., was married at the time of his death. The plaintiffs were the parents and siblings of the decedent, whose body had been sent to Tri-State for cremation. The Trial Court determined that the decedent's wife had the right to control disposition of the body and,

therefore, the wife was the only person with standing to bring the various tort claims. The decedent's sister, Teri Crawford, appealed that determination. This Court, with a partial dissent, affirmed the Trial Court's dismissal of all of the various tort claims after concluding that the decedent's sister lacked standing. In reaching this conclusion we stated as follows:

> [W]e conclude that, in Tennessee, any tort claims for negligent, reckless or intentional interference with a dead body and the like can be brought only by the person or persons who have the right to control disposition of the body. Pursuant to *Hill* [*v. Travelers' Ins. Co.*, 294 S.W. 1097 (Tenn. 1927)], it is the surviving spouse who has the superior right to control disposition of the body. Therefore, in the present case, the Trial Court correctly held that because Wife had the right to control disposition of the decedent's body, she alone had the right to bring the various tort claims against the Funeral Home and Tri-State. These claims were properly dismissed for lack of standing.… [4]   (footnote omitted)

Consistent with *Crawford*, we now must determine whether the Trial Court correctly determined that none of the plaintiffs in the three consolidated cases now before this Court had control over disposition of their loved ones' body and, therefore, lacked standing to proceed with the tort claims. We have been unable to locate any Tennessee authority directly on point which discusses who has control over disposition of a body when there is no surviving spouse. However, Tenn. Code Ann. § 68-30-109(a) comes very close. This particular statute addresses the order of priority among relatives of a deceased individual with regard to making anatomical gifts. While this statute does not necessarily mandate a particular result in the present case, it does give us strong insight into how the General Assembly would craft an order of priority if passing a statute directly addressing the current situation. In relevant part, Tenn. Code Ann. § 68-30-109(a), which became effective July 1, 2007, provides as follows:

> **Who may make anatomical gifts of decedent's body or part. -** (a) Subject to subsections (b) and (c) an anatomical gift of a decedent's body or part for purpose of transplantation, therapy, research, or education may be made by any member of the following classes of persons who is reasonably available, in the order of priority listed:
>
> (1) A guardian or conservator of the person of the decedent at the time of death if the court order authorizes the guardian or conservator to make health care decisions;

---

[4] In footnote 6 of the *Crawford* opinion, a majority of this Court further held that this conclusion also would apply to tort claims based upon negligent and/or intentional infliction of emotional distress. In a separate opinion, Judge Susano partially dissented from this holding. Judge Susano concluded that Teri Crawford had standing to pursue tort claims based upon negligent, reckless, and intentional infliction of emotional distress as to Marsh and the Tri-State defendants, but not as to the funeral home.

(2) An agent[5];

(3) The spouse of the decedent;

(4) Adult children of the decedent;

(5) Parents of the decedent;

(6) Adult siblings of the decedent;

(7) Adult grandchildren of the decedent;

(8) Grandparents of the decedent; …

Given the nature of the lawsuits in the present case, the order of priority with regard to establishing standing to sue must begin with the surviving spouse, as required by *Hill v. Travelers' Ins. Co.*, 294 S.W. 1097 (Tenn. 1927) and *Crawford*. We now go one step further and hold that the order of priority among relatives of the deceased for bringing tort claims arising from unauthorized mutilation of a dead body is as follows: (1) the spouse of the decedent; (2) adult children of the decedent; (3) parents of the decedent; (4) adult siblings of the decedent; (5) adult grandchildren of the decedent; and (6) grandparents of the decedent.

We next apply this holding to the three cases on appeal. In Akers, the deceased was not survived by a spouse and his daughter, Lindsey, was only 12 years old. Since there was no surviving spouse or adult child, the decedent's parents were next in line in the order of priority. As noted previously, the Akers lawsuit was filed by the decedent's parents, Rondal D. Akers, Jr., and Lucinda Akers. Therefore, with regard to the various tort claims asserted in Akers, we conclude that the Trial Court erred when it determined that the decedent's parents lacked standing. The Trial Court's judgment in this regard is vacated.

The Burns lawsuit was filed originally by the decedent's wife, Linda Burns, and the decedent's daughter, Donna Burns. However, Linda Burns eventually settled her claims in the Georgia class action lawsuit and dismissed all of her claims in the present case. The only remaining claims are those of the decedent's daughter. Because the decedent's wife had exclusive control over disposition of the body, only she had standing to bring the various tort claims. Accordingly, we conclude that the Trial Court correctly dismissed Donna Burns' tort claims based on her lack of standing. The judgment of the Trial Court dismissing the tort claims filed by Donna Burns is affirmed.

---

[5] Tenn. Code Ann. § 68-30-102(2) defines "agent" as an individual: "(A) Authorized to make healthcare decisions on the principal's behalf by a power of attorney for health care or an advance directive; or (B) Expressly authorized to make an anatomical gift on the principal's behalf by any other record signed by the principal."

The <u>Hall</u> lawsuit was filed by the decedent's five siblings and his girlfriend. At the time of the decedent's death, he was not married and had no adult children. The decedent was, however, survived by his mother, who is not and never has been a party to this lawsuit. Therefore, we conclude that the decedent's mother was the person with standing to bring the various tort claims. The Trial Court's judgment dismissing the tort claims brought by the decedent's siblings and girlfriend is affirmed.

## B. The contract and statutory claims

When the funeral arrangements were made with the Funeral Home, there were two documents presented to and signed by various family members. The first document was a two-page, standard form document used by the Funeral Home detailing the particular services chosen by the family (i.e., casket and burial, cremation, etc.) and the costs associated with those services. The second document was a three-page document titled "Cremation and Disposition Authorization" which, among other things, discussed how the cremation process works. This second document also authorized the Funeral Home to release the body to Tri-State. These two documents form the basis of the plaintiffs' breach of contract claims and their claims brought pursuant to the Tennessee Consumer Protection Act (the "TCPA"), Tenn. Code Ann. § 47-18-101, *et seq.*[6]

It is important to emphasize the precise issue on appeal. The issue before us is whether the Trial Court correctly determined that the plaintiffs did not have standing to bring the breach of contract and TCPA claims. The issue is not whether the plaintiffs could survive a Tenn. R. Civ. P. 12.02 motion to dismiss or a Tenn. R. Civ. P. 56 motion for summary judgment challenging the merits of those particular claims. The issue is as simple as this: does a person who enters into a contractual agreement with a funeral home for funeral services and to have the body cremated have standing to bring a breach of contract claim based upon an alleged breach of that contractual obligation? The answer is yes. The same result holds true for the TCPA claims which are predicated upon alleged deceptive acts committed upon the family members when signing the documents with the Funeral Home.

We hold that the plaintiffs *who actually signed* either or both the general contract for funeral services or the cremation and disposition authorization have standing to bring breach of contract and TCPA claims based upon claimed breaches of those documents and/or alleged deceptive acts connected with the signing of those documents. We express absolutely no opinion on the merits of those claims.

In the <u>Akers</u> lawsuit, the general contract for funeral services was signed by plaintiff Rondal D. Akers, Jr., and the cremation and disposition authorization was signed by both plaintiff Rondal D. Akers, Jr., and plaintiff Lucinda Akers. Thus: (1) Rondal D. Akers, Jr. has standing to bring breach of contract and TCPA claims based upon the general contract for funeral services, and

---

[6] Other statutory violations were alleged in the complaint, but the dismissal of those claims is not challenged on appeal.

(2) Rondal D. Akers, Jr., and Lucinda Akers have standing to bring breach of contract and TCPA claims based upon the cremation and disposition authorization. To the extent inconsistent with the foregoing, the judgment of the Trial Court is vacated.

In the Burns lawsuit, both the general contract for funeral services and the cremation and disposition authorization were signed by plaintiff Donna Burns. Thus, Donna Burns has standing to bring breach of contract and TCPA claims based upon either or both of these documents. To the extent inconsistent with the foregoing, the judgment of the Trial Court is vacated.

In the Hall lawsuit, the contract for funeral services was signed by plaintiff Susan Hall. The cremation and disposition authorization was signed by plaintiffs Susan Hall, Doyle Harden, Ricky Harden, Sandra Fogle, and Mollie Denton. Thus: (1) Susan Hall has standing to bring breach of contract and TCPA claims based upon the general contract for funeral services, and (2) plaintiffs Susan Hall, Doyle Harden, Ricky Harden, Sandra Fogle, and Mollie Denton have standing to bring breach of contract and TCPA claims based upon the cremation and disposition authorization. To the extent inconsistent with the foregoing, the judgment of the Trial Court is vacated.

All remaining issues are pretermitted.

## Conclusion

The Judgment of the Trial Court is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion and for collection of the costs below. Exercising our discretion, costs on appeal are taxed one-half to the Appellees, T. Ray Brent Marsh, Rhames Lashae Marsh, Tri-State Crematory, and Tri-State Crematory, Inc., and one-half to the Appellees, Buckner-Rush Enterprises, Inc., Prime Succession of Tennessee, Inc., and Prime Succession Holding, Inc.

_____
D. MICHAEL SWINEY, JUDGE