# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 21, 2011 Session

## KRISTIE JACKSON v. WILLIAMSON & SONS FUNERAL HOME, ET AL.

### Appeal from the Circuit Court for Hamilton County
### No. 09C586    W. Jeffrey Hollingsworth, Judge

_____

### No. E2010-02489-COA-R3-CV-FILED-OCTOBER 12, 2011

_____

In this negligence case, Kristie Jackson sued Williamson & Sons Funeral Home (the "Funeral Home") for negligence and negligent infliction of emotional distress following the burial of her mother, Edna Louise Lewis. Ms. Jackson alleged that the Funeral Home was negligent in failing to delay the burial after learning that she objected to the arrangements that had been made and that the Funeral Home's actions caused her emotional distress. The Funeral Home moved for summary judgment, and the trial court granted the motion, finding that the Funeral Home had affirmatively negated an essential element of Ms. Jackson's claim by showing that it did not owe a duty to her under the circumstances of the case. Ms. Jackson appeals. We affirm the decision of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Charles G. Wright (on appeal) and Crystal R. Freiburg (at trial), Chattanooga, Tennessee, for the appellant, Kristie Jackson.

Paul R. Leitner and Benjamin T. Reese, Chattanooga, Tennessee, for the appellees, Williamson & Sons Funeral Home, Carriage Funeral Holdings, Inc., and Thomas E. Wilson.

# OPINION

## I. BACKGROUND

Ms. Lewis died without a will or a surviving spouse but was survived by three children, Ms. Jackson, Alvin Burkhart, and Scott Sharp. Ms. Jackson was the eldest of the three children. The day after Ms. Lewis died, Mr. Burkhart made arrangements with the Funeral Home to bury Ms. Lewis at Granny Walker Cemetery. When Mr. Burkhart contacted Ms. Jackson to inform her of the arrangements, she protested, stating that Ms. Lewis wanted to be buried at Greenwood Cemetery, and informed him that she would not contribute financially if he proceeded against their mother's wishes. Mr. Burkhart told her that the Funeral Home had pushed him into making the arrangements and that he would not change anything because the longer they delayed the burial, the more money it would cost. Ms. Jackson called the Funeral Home and spoke with the funeral director, Thomas Wilson, who told her that she should speak with Mr. Burkhart. Ms. Jackson asked Mr. Wilson to postpone the funeral until the disagreement could be resolved, but he refused, stating that the Funeral Home had a contract with Mr. Burkhart and would proceed according to that contract. The funeral was held the next day with Ms. Jackson in attendance.

Ms. Jackson filed suit, asserting that the Funeral Home was negligent in providing funeral services for her mother because it failed to ensure that the proper party had given them permission to provide the funeral service and because it failed to delay the services until the disagreement between the next of kin could be resolved. Ms. Jackson also asserted that the Funeral Home's negligence caused her emotional distress. She requested damages in the amount of $75,000 as compensation for the emotional injuries she suffered and the costs associated with moving Ms. Lewis to Greenwood Cemetery.

Following the Funeral Home's filing of a motion for summary judgment, the trial court found that there was "no evidence of the type of relationship between [Ms. Jackson] and [the Funeral Home] which would give rise to a duty by the funeral home to change the funeral arrangements at [her] request" and that the Funeral Home had not assumed such a duty. The court dismissed the complaint, holding that the Funeral Home had negated an essential element of Ms. Jackson's complaint, namely the existence of a duty, and that Ms. Jackson had not "produced any evidence of an issue of fact."

## II. ISSUE

Ms. Jackson's sole issue on appeal is whether the trial court erred in granting the motion for summary judgment after finding that the Funeral Home did not owe her a duty of care.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts.  Tenn. R. Civ. P. 56.04.  A properly supported motion for summary judgment "must either (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial."  *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 9 (Tenn. 2008).  When the moving party has made a properly supported motion, the "burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists."  *Id.* at 5; *see Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997)*; Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993).  The nonmoving party may not simply rest upon the pleadings but must offer proof by affidavits or other discovery materials to show that there is a genuine issue for trial.  Tenn. R. Civ. P. 56.06.  If the nonmoving party "does not so respond, summary judgment, if appropriate, shall be entered."  Tenn. R. Civ. P. 56.06.

On appeal, this court reviews a trial court's grant of summary judgment de novo with no presumption of correctness.  *See City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997).  In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor.  *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. County Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999).  If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law.  *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

### IV.  DISCUSSION

Ms. Jackson asserts that the Funeral Home had a duty to conform to a reasonable person standard of care under all of the circumstances and that it breached that duty by proceeding with the funeral when it became aware that a person with authority to control the disposition of the body disagreed with the arrangements.  She further contends that the duty at issue arose from her right to control the disposition of the body.  The Funeral Home responds that it did not owe a duty to Ms. Jackson because there was no relationship between the parties.  The Funeral Home further asserts that the duty Ms. Jackson sought to impose upon it was unreasonable.

In order to prevail in a negligence action in Tennessee, the plaintiff must prove that (1) a duty of care was owed by the defendant; (2) the defendant's conduct fell below the

applicable standard of care, resulting in a breach of the duty; (3) the plaintiff suffered an injury or loss as a result of the breach of the duty; (4) the defendant's breach of the duty was cause in fact of the injury or loss; and (5) the defendant's breach of the duty was the proximate or legal cause of the injury or loss. *McClung v. Delta Square Ltd., P'ship*, 937 S.W.2d 891, 894 (Tenn. 1996). In claims for negligent infliction of emotional distress, the claim must include the above elements, as well as expert proof establishing that the plaintiff's emotional distress was "serious" or "severe." *Eskin v. Bartee*, 262 S.W.3d 727, 735 (Tenn. 2008). Whether a plaintiff sought recovery for negligence or negligent infliction of emotional distress, the threshold element is always duty of care because without a legal duty, there can be no conduct that breaches the duty. *Hale v. Ostrow*, 166 S.W.3d 713, 716-17 (Tenn. 2005). The analysis of duty is specific to the particular plaintiff and defendant involved. *Nichols v. Atnip*, 844 S.W.2d 655, 662 (Tenn. Ct. App. 1992). Whether a defendant owed a duty is a question of law, and whether that duty was breached is a question of fact. *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 366 (Tenn. 2009); *see also Biscan v. Brown*, 160 S.W.3d 462, 478 (Tenn. 2004). Thus, in the case at bar, the trial court's holding for summary judgment was appropriate if, as a matter of law, the Funeral Home did not owe Ms. Jackson a duty of care.

The question of whether a duty exists "requires consideration of whether 'such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of others – or, more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant.'" *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998) (quoting *Prosser & Keaton on Torts* § 37 at 236 (5th ed. 1984)), *overruled on other grounds by Cross v. City of Memphis*, 20 S.W.3d 642, 645 (Tenn. 2000). Duty is defined as "the legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for the protection against unreasonable risks of harm," and a duty exists "if defendant's *conduct* poses an unreasonable and foreseeable risk of harm." *McCall*, 913 S.W.2d at 153 (emphasis added). A risk is unreasonable where "the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *Id.* "Assuming a duty of care is owed, be it a duty to refrain from creating a danger or a duty to warn against an existing danger, it must then be determined whether a defendant has conformed to the applicable standard of care." *Coln*, 966 S.W.2d at 39. "In a negligence action, the standard of conduct is always . . . reasonable care in light of the apparent risk." *McCall*, 913 S.W.2d at 153.

Ms. Jackson cited *Steinbrunner v. Turner Funeral Home, Inc.*, No. E2001-00014-COA-R3-CV, 2002 WL 14088 (Tenn. Ct. App. Jan. 2, 2002), *perm. app. denied* (Tenn. July 15, 2002) in support of her assertion. In *Steinbrunner*, the court held that the funeral home owed decedent's wife "a duty to conform to a reasonable person standard of care under all

of the circumstances" and that the duty "was based upon the relationship between the parties." 2002 WL 14088, at *8. Here, while Ms. Jackson was an appropriate next of kin, she was not the party contracting with the Funeral Home as was the case in *Steinbrunner*. Ms. Jackson argues that her relationship to the deceased and corresponding authority to dispose of the body gave rise to the same duty found in *Steinbrunner*. We disagree.

We do not believe that imposing a duty upon the Funeral Home to protect the interest at stake here, Ms. Jackson's participation in the planning of the funeral, is justified under the circumstances. Because Ms. Lewis did not have a surviving spouse, Ms. Jackson, Mr. Burkhart, and Mr. Sharp had authority to bury the body as the decedent's adult children. 22A AM. JUR. 2D *Dead Bodies* § 20 (2011). This authority would provide standing for them to bring suit for the negligent handling or improper burial of their mother's body. S*ee Crawford v. J. Avery Bryan Funeral Home, Inc.*, 253 S.W.3d 149, 159-60 (Tenn. Ct. App. 2007) (concluding that "the person or persons who have the right to control disposition of the body" have standing to bring claims for interference with a dead body); *see also Akers v. Buckner-Rush Enterprises, Inc.*, 270 S.W.3d 67, 73 (Tenn. Ct. App. 2007) (establishing the "order of priority among relatives of the deceased for bringing tort claims arising from unauthorized mutilation of a dead body"). However, this authority would not impose a duty on the Funeral Home to resolve a family conflict or delay the burial because a relative who took no part in contracting for the service disagreed with the arrangements. In so concluding, we note that the interest at stake in the *Steinbrunner*, *Crawford*, and *Akers* cases was vastly different from the interest at stake in this case. Additionally, the duty of reasonable care sought in this case was not the same duty found in *Steinbrunner*, *Crawford*, and *Akers*. It is the relationship between the parties to the suit that determines whether a duty existed and what *type* of duty was owed. In this case, there simply was no relationship between the parties to impose the *type* of duty sought by Ms. Jackson. Additionally, if we were to impose such a duty, the burden in preventing the harm and protecting the interest at stake could be insurmountable because in cases such as this case where several members of a family have a right to control the disposition of the body, the Funeral Home would be tasked with locating each person and ensuring that each person was in agreement.

We acknowledge that the Funeral Home had a duty to handle the decedent's body appropriately and bury the body properly and that Ms. Jackson could bring a suit alleging that the Funeral Home had somehow mishandled the corpse. However, the Funeral Home did not have a duty to ensure that all of the decedent's relatives with the right to control disposition of the body were in agreement with the arrangements or the place of burial. Thus, the Funeral Home affirmatively negated an essential element of Ms. Jackson's claim, namely that she was owed a duty under the circumstances presented. Based upon our review of the evidence in the record, in the light most favorable to Ms. Jackson, we conclude that there are

no genuine issues of material fact. Accordingly, we also conclude that the trial court did not err in granting the motion for summary judgment.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the cause is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Kristie Jackson.


_____
JOHN W. McCLARTY, JUDGE